**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 14 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LUIS RAUL BAEZA,

Defendant-Appellant.

No. 00-5100

(N.D. Oklahoma)

(D.C. No. 99-CR-89-C)

**ORDER AND JUDGMENT** *

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

On February 2, 2000, Mr. Baeza was convicted of conspiracy to distribute narcotics in violation of 21 U.S.C. § 841(a)(1). He was sentenced to 121 months'

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

imprisonment, which included a two-level enhancement pursuant to USSG § 3C1.1 for obstruction of justice. On appeal, Mr. Baeza contends: (1) the district court erred when it applied the two-level enhancement; (2) he was misled as to what the maximum penalty of his sentence might be; and that (3) he received ineffective assistance of counsel. For the reasons set forth below, we dismiss Mr. Baeza's appeal.

As to the first two contentions, we note that Mr. Baeza knowingly and voluntarily waived his right to appeal any sentences as determined by the Sentencing Court. We shall initially consider Mr. Baeza's contention that he was misled as to the maximum penalty of his sentence, because this claim might attack the validity of the plea. Mr. Baeza maintains that he received and understood a separate plea agreement, see App. at E (draft plea agreement), which stated that the "maximum statutory sentence under . . . Section 846(a)(1) is eighteen months." This draft agreement is unsigned. During the change-of-plea colloquy, the district court referred only to the signed agreement.

"[I]t is well established that a defendant's waiver of the statutory right to direct appeal contained in a plea agreement is enforceable if the defendant has agreed to its terms knowingly and voluntarily." United States v. Cockerham, 237 F.3d 1179, 1181 (10th Cir. 2001); United States v. Black, 201 F.3d 1296, 1300-01 (10th Cir. 2000) (confirming rule that courts will enforce a defendant's waiver of

his right to appeal if the language of the waiver encompasses the defendant's right to appeal on the grounds claimed on appeal, and the waiver is knowingly and voluntarily made).

The plea agreement contained the following language, which Mr. Baeza does not contest or challenge:

> **You further understand that Title 18, United States Code, Section 3742, gives you the right to appeal the sentence imposed by the Court. Acknowledging all this, you knowingly and voluntarily waive your right to appeal any sentence imposed by the Court and the manner in which the sentence is determined, so long as your sentence is within the statutory maximum specified above.**

Aple's App. at 19-20 (plea agreement dated Feb. 2, 2000). Mr Baeza does not contend that he entered the agreement involuntarily. See Black, 201 F.3d at 1301 (noting that agreements waiving the right to appeal are subject to certain public policy exceptions, such as where the defendant claims he entered the agreement not to appeal involuntarily or unknowingly, or where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful); see also United States v. Hernandez, 134 F.3d 1435, 1437-38 (10th Cir. 1998) (holding that defendant "clearly waived his right to appeal the sentence imposed" because there was no suggestion that either plea agreement or waiver of statutory right to appeal was unknowing or involuntary).

We note that several factors weigh in favor of this holding: Mr. Baeza was assisted by counsel at the change-of-plea and sentencing hearings. The district court questioned him about the appeal waiver at the change-of-plea hearing, verifying that he understood he was waiving his right to appeal and confirming that he understood his signed plea agreement, that each page of the agreement was translated and read to him in Spanish, and that he had signed it and initialed each page. The colloquy also advised Mr. Baeza that the statutory maximum he might receive was twenty years' imprisonment. Furthermore, the plea agreement and the presentence report advised him of the statutory maximum penalty of twenty years. See Aple's App., doc. 1 (tr. of change of plea hr'g, dated Feb. 2, 2000). Accordingly, because Mr. Baeza's sentence was not in conflict with the plea agreement, we now specifically enforce his promise not to appeal by dismissing his challenge to his sentence. Similarly, Mr. Baeza's contention that he was misled as to the maximum penalty of his sentence is foreclosed because he provides no evidence apart from an unsigned plea agreement to support his claim.

Mr. Baeza also maintains that his counsel failed to prepare an adequate defense and thus violated his right to receive effective assistance of counsel. "We reaffirm and reemphasize the central principle laid down in Beaulieu v. United States, 930 F.2d 805, 806-07 (10th Cir. 1991), [that generally,] ineffective assistance of counsel claims should be brought in collateral proceedings, not on

direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed." <u>United States v. Galloway</u>, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Although "[s]ome rare claims which are fully developed in the record may be brought either on direct appeal or in collateral proceedings," <u>id.</u> at 1242, we hold that Mr. Baeza's claims are not fully developed in the record and we decline to address them here. Mr. Baeza may bring these claims in collateral proceedings.

For the reasons stated above, we DISMISS Mr. Baeza's appeal.


Entered for the Court,


Robert H. Henry
Circuit Judge