**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 4 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

TIMOTHY CURDELL FRIDAY,

      Defendant - Appellant.

No. 00-6326
(D.C. No. CR-99-121-T)
(W. District of Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **LUCERO** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and **ROGERS** , Senior District Judge. **

---

Timothy C. Friday appeals the district court's denial of his motion to withdraw his guilty plea to one count of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. We conclude that we lack jurisdiction and dismiss.

---

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The Court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

** The Honorable Richard D. Rogers, of the United States District Court for the District of Kansas, sitting by designation.

Friday pleaded guilty to conspiracy in exchange for the government's promise to dismiss five counts of possession with intent to distribute cocaine base, 21 U.S.C. § 841(a)(1); 18 U.S.C. § 2. Pursuant to the plea agreement, Friday waived his right to appeal or collaterally challenge his "guilty plea and any other aspect of his conviction" as well as his sentence. (1 R. Doc. 197 at 5.) The agreement further provided:

> (i) defendant specifically does not waive the right to appeal an upward departure from the sentencing guideline range determined by the court to apply to this case, and (ii) his waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on changes in the law reflected in Tenth Circuit or Supreme Court cases decided after the date of this agreement which are held by the Tenth Circuit or Supreme Court to have retroactive effect.

(Id. at 5–6.)

After the Presentence Investigation Report ("PSR") was prepared, and "[a]fter reading some court decisions and thinking about the facts and circumstances of the pending matter and his own actions," appellant moved to withdraw his plea. (1 R. Doc. 263 at 1.) The district court denied the motion, concluding that "there [was] simply no credible evidence to support the claim that there's a fair and just reason for the motion to be withdrawn." (4 R. at 50.) Thereafter, the district court sentenced Friday to 210 months imprisonment.

On appeal, Friday claims (1) that the district court erred by overruling his objections to the PSR, (2) that it should have granted his motion to withdraw his

guilty plea, and (3) that he received ineffective assistance of counsel. The government answers that the appeal should be dismissed because "the Plea Agreement . . . included a provision waiving any right of appeal so long as the sentence imposed by the court was within the applicable guideline range." (Appellee's Br. at 2.) "If [the] waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal." United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000). "To avoid dismissal of his appeal, [appellant] must show why we should not enforce the waiver provision of the plea agreement." Id.

Friday argues that he received ineffective assistance of counsel during the plea process. (Appellant's Resp. Att'y's Anders Br. at 1 ("Appellant believes that there are issues that have reasonable merit, that may not have appeared meritorious to the counsel, at the time of the conviction and sentencing."); id. ("Appellant's inadequate knowledge of the laws pertaining to the conviction and sentence . . . make for an unfair disadvantage against appellant . . . .").) Although it is true that Friday's right to bring his ineffective assistance of counsel claim on appeal may not be waived in a plea agreement, United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000), we will not pass on that claim at this juncture for reasons stated in United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995):

> Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal. Such claims brought on direct appeal are presumptively dismissible, and virtually all will be dismissed. . . .
>
> The reasons for this rule are self-evident. . . . A factual record must be developed in and addressed by the district court in the first instance for effective review.

As the district court observed, "there simply [was] no . . . evidence before [it] to question the quality of" counsel. (4 R. at 47.)

Although not argued by appellant, none of the other grounds for not enforcing waivers apply in this case. See Black, 201 F.3d at 1301 (stating that waiver of the right to appeal will not preclude an appeal if the waiver was not knowing and voluntary or resulted in a sentence that either exceeds the statutory maximum or is tainted by racial bias). In particular, our de novo review of the record indicates Friday knowingly and voluntarily entered into the plea agreement. Rubio, 231 F.3d at 712 ("We review the question of whether the plea was knowing and voluntary de novo." (citation omitted)). Furthermore, we note that neither of the exceptions contained in the plea agreement itself—for appeals of upward departures from the applicable sentencing guidelines range and for appeals based on new Supreme Court and Tenth Circuit law—is implicated.

The matter is **DISMISSED** .[1]

Entered for the Court



Carlos F. Lucero
Circuit Judge

---

[1] Counsel for appellant filed an Anders brief characterizing this appeal as frivolous and seeking permission to withdraw as counsel. See Anders v. California , 386 U.S. 738, 744 (1967) (permitting counsel who considers an appeal to be wholly frivolous to advise the court of that fact, request permission to withdraw from the case, and submit a brief referring to portions of the record that arguably support the appeal). Counsel's motion to withdraw is granted.