**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 27 2000**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ROSS FRANK BLACK,

Defendant-Appellant.

No. 98-8056

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING
(D. C. No. 97-CR-100)**

---

Michael G. Katz, Federal Public Defender; James P. Moran, Assistant Public Defender, Denver, Colorado, for the Defendant-Appellant.

David D. Freudenthal, United States Attorney, L. Robert Murray, Assistant United States Attorney, for the Plaintiff-Appellee.

---

**Before SEYMOUR,** Chief Judge, and **BALDOCK** and **HENRY**, Circuit Judges.

---

**HENRY**, Circuit Judge.

Ross Frank Black appeals the district court's denial of his motion to withdraw his guilty plea for possession of unregistered firearms (a violation of 26 U.S.C. §§ 5841, 5861(d), and 5871). Mr. Black also argues that, even if the district court did not err in

denying his motion to withdraw the plea, it erred in determining his sentence. We first conclude the district court did not abuse its discretion in denying Mr. Black's motion to withdraw his plea. We further conclude that, in light of the provisions of the plea agreement, Mr. Black has waived his right to challenge his sentence on the grounds set forth in his appellate brief.[1]

## I. BACKGROUND

On November 20, 1997, a grand jury charged Mr. Black with five federal firearms offenses. Before arraignment, Mr. Black filed a motion to excuse appointed counsel and proceed pro se. At the arraignment hearing, the district court allowed Mr. Black's counsel to withdraw and then appointed stand-by counsel. Mr. Black then entered a plea of not guilty to all five counts.

The district court subsequently conducted a hearing regarding Mr. Black's representation. It granted Mr. Black's motion to represent himself with stand-by counsel in further proceedings in the case.

On April 15, 1998, Mr. Black entered into a plea agreement with the government. See Rec. vol. I, doc. 125. Under the agreement, Mr. Black agreed to plead guilty to count

---

[1] After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

three of the indictment (which alleged violations of 26 U.S.C. §§ 5841, 5861(d) and 5871). He also agreed to waive his right to appeal his sentence. See id. at 7. The agreement stated that "[t]he defendant agrees to waive his right to appeal the sentence he receives as a result of this Plea Agreement," id., and added that "if the United States appeals the Defendant's sentence pursuant to 18 U.S.C. § 3742(B), the Defendant is released from his waiver." Id.

The government agreed to dismiss the remaining counts of the indictment and to recommend that Mr. Black receive a three-level downward adjustment in his offense level for acceptance of responsibility. It also agreed that if it appealed the district court's sentencing decision, Mr. Black would be released from the waiver of his right to appeal.

At the change-of-plea hearing, the prosecutor summarized the provisions of the plea agreement. He referred to Mr. Black's waiver of his right to appeal his sentence. See Rec. vol. VI at 3-4 ("The other highlight that I admit for the Court in this plea agreement is that the defendant has agreed to waive his right to appeal the sentence he receives as a result of his plea agreement. The defendant is released from that agreement only if the United States were to appeal that sentence.").

The district court then questioned Mr. Black about the terms of the agreement. In response to the court's questions, Mr. Black acknowledged that he had signed the agreement, that he had done so voluntarily, that the prosecutor had accurately stated the terms of the agreement, and that there were no terms of the agreement other than those set

forth in the written document.  See id. at 4-7.  Mr. Black  admitted the factual allegations set forth in count three of the indictment and pleaded guilty to violating 26 U.S.C. §§ 5841, 5861(d) and 5871.  See id. at 8.

Prior to sentencing, Mr. Black filed a pro se motion to withdraw his guilty plea. See Rec. vol. I, doc. 135.   He argued that he had pleaded guilty because he had been promised medical treatment.  He added that the prosecutor had told him that he would be allowed to withdraw his guilty plea and that he would be sentenced for the charge to which he had entered his plea.  According to Mr. Black, the presentence report improperly relied on crimes that he had not committed.

At the sentencing hearing, after considering testimony from a codefendant who had agreed to cooperate with the government, the district court denied Mr. Black's motion to withdraw his plea.  See Rec. vol. I, doc. 137.  The court relied on several of the factors identified by this circuit as relevant to the consideration of motions to withdraw guilty pleas.  See United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993).  It concluded that even though Mr. Black had asserted his innocence, the testimony of his codefendant made it doubtful that he would be found innocent.  The court also concluded that the government would be prejudiced if the motion were granted, that Mr. Black had received effective assistance from his stand-by counsel at the change of plea proceedings, that the guilty plea was knowing and voluntary, and that allowing the withdrawal of the plea would be a waste of judicial resources.  See Rec. vol. VII, at 71-74.

The district court then overruled Mr. Black's objections to the presentence report and imposed a sentence of fifty-six months imprisonment, followed by a three-year term of supervised release. Id. at 74, 77.

At the conclusion of the sentencing hearing, the district court discussed the waiver-of-appeal provision of the plea agreement:

> The defendant is further advised that the terms of your plea agreement include a waiver of your right to appeal the sentence, but in view of my denial of your right to withdraw your guilty plea, I am not going to— I am going to strike that provision of the plea agreement so that you may appeal. I welcome you to do it because I don't have any doubt in my mind but what my action in not allowing your withdrawal will be upheld.

Id. at 79-80.

## II. DISCUSSION

In this appeal, Mr. Black has filed a pro se brief challenging the denial of his motion to withdraw his guilty plea. Represented by counsel, Mr. Black also seeks to appeal his sentence. He challenges the district court's imposition of a four-level enhancement under USSG § 2K2.1(b)(5) for the use of a firearm in connection with another felony and the district court's use of a Colorado misdemeanor offense in determining his criminal history.[2]

---

[2] In light of our conclusion that Mr. Black has waived the right to appeal his sentence, we do not here address the § 2K2.1(b)(5) enhancement or the district court's consideration of the Colorado misdemeanor offense.

In response, the government argues that the district court properly denied Mr. Black's motion to withdraw his plea. It further argues that the waiver of the right to appeal set forth in Mr. Black's plea agreement precludes his challenges to his sentence. Because the validity of the waiver-of-appeal provision depends upon the validity of the plea agreement as a whole, we will first consider the arguments raised by Mr. Black in his pro se brief regarding the district court's refusal to allow him to withdraw his plea.

## A.   Denial of Motion to Withdraw Guilty Plea.

In his pro se supplemental brief, Mr. Black argues that the district court erred in denying his motion to withdraw his guilty plea. As in the district court proceedings, he contends that his plea was not knowing and voluntary because he was suffering from a painful toothache at the time of the change-of-plea proceedings. According to Mr. Black, the Assistant United States Attorney told him that if he agreed to plead guilty, the court would order dental care to be provided to him. He contends that the Assistant United States Attorney also told him that the district judge would allow him to withdraw his plea. Mr. Black notes that he had previously filed a motion requesting dental care and that the motion had been denied. However, he adds, the district court granted his second motion for dental care at the conclusion of the hearing at which he entered his guilty plea. He suggests that the granting of the motion supports his contention that the prosecutor improperly offered him dental care as an inducement for the guilty plea.

6

Under Fed. R. Crim. P. 32(e), "[i]f a motion to withdraw a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." It is the defendant's burden to establish a "fair and just reason" for the withdrawal of the plea. United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993). In Gordon, we set forth seven factors that courts should consider in deciding whether to allow a defendant to withdraw a guilty plea: (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources. See Gordon, 4 F.3d at 1572. Although we engage in de novo review of the question of whether the plea was knowing and voluntary, see United States v. Libretti, 38 F.3d 523, 529 (10th Cir. 1994), we review the district court's denial of the motion to withdraw the guilty plea for an abuse of discretion, considering the seven factors outlined in Gordon. See United States v. Carr, 80 F.3d 413, 419 (10th Cir. 1996).

We agree with the district court that Mr. Black's guilty plea was knowing and voluntary. Although there appears to be no dispute that Mr. Black had a toothache when he pleaded guilty, Mr. Black has presented no evidence (other than his own assertions in his motion to withdraw his plea) that the toothache was so severe that it interfered with

7

his ability to consent to the plea or that, but for the prosecutor's promise that he would receive dental treatment, he would not have pleaded guilty. In response to the court's questions at the change of plea hearing, Mr. Black stated that he was not under the influence of any drugs, that his mind was absolutely clear, and that there were no circumstances of any type that were forcing him to plead guilty. See Rec. vol. VI, at 8-9. Mr. Black also informed the court that there were no terms of the plea agreement that were not reported in the written agreement. See id. at 5. Morever, the written plea agreement stated that it "supersede[d] any and all other agreements or negotiations which the parties may have previously reached or discussed" and that it "embodie[d] each and every term of the agreement among the parties." Rec. vol. I, doc. 125, at 5. The district court had the opportunity to observe Mr. Black's demeanor at the change of plea hearing, and found no indication that he was under any kind of duress. Thus, in light of Mr. Black's own statements at the change of plea hearing, his subsequent assertions about his toothache and the prosecutor's alleged promise of dental treatment do not establish that he was unable to agree knowingly and voluntarily to plead guilty. See United States v. Spencer, 836 F.2d 236, 237, 239-40 (6th Cir. 1987) (discounting a defendant's post-plea allegations of duress in light of his admission in open court that he committed the alleged offense); United States v. Picone, 773 F.2d 224, 226 (8th Cir. 1985) (rejecting the allegation that government misconduct led him to plead guilty in light of the defendant's failure to present corroborating evidence of the alleged misconduct).

We further conclude that the district court properly applied the Gordon factors. Even though Mr. Black asserted his innocence in his motion to withdraw his plea, the court heard testimony from a government witness that supported the charge against Mr. Black. As noted above, the district court properly found that Mr. Black's guilty plea was knowing and voluntary. It further found that Mr. Black was competently represented at the change of plea hearing by stand-by counsel and that allowing withdrawal of the plea would result in a waste of judicial resources. In light of the district court's careful consideration of these factors, we discern no abuse of its discretion in its decision to deny Mr. Black's motion to withdraw his guilty plea.

### B. Alleged Waiver of Appeal

We now turn to the waiver-of-appeal provision in the plea agreement. As noted above, the government relies on this provision in arguing that Mr. Black should not be allowed to appeal his sentence.

This circuit has held that "[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." United States v. Atterberry, 144 F.3d 1299, 1300 (10th Cir. 1998) (quoting United States v. Hernandez, 134 F.3d 1435, 1437 (10th Cir. 1998)). Nevertheless, "a defendant who waives his right to appeal does not subject himself to being sentenced entirely at the whim of the district court." United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). As the Second Circuit

9

has noted, agreements waiving the right to appeal, like other contracts, are subject to certain public policy constraints. United States v. Yemitan, 70 F.3d 746, 748 (2d Cir. 1995). For example, "a sentence tainted by racial bias could not be supported on contract principles, since neither party can be deemed to have accepted such a risk or be entitled to such a result as a benefit of the bargain." Id. Similarly, a waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum, see Marin, 961 F.2d at 496, or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel. United States v. Henderson, 72 F.3d 463, 465 (5th Cir. 1995).[3]

---

[3] Unlike some plea agreements, the one between the government and Mr. Black does not state that a particular sentence or range of sentences would constitute an appropriate disposition of the case. Compare Rec. vol. I, doc. 125, at 7 (plea agreement containing no statement as to an appropriate sentence or range of sentences) with United States v. Veri, 108 F.3d 1311, 1313 (10th Cir. 1997) (upholding plea agreement providing that the government and the defendant agreed as to the appropriate offense level and therefore to "a sentencing range of twenty-one to twenty seven months' imprisonment").

In United States v. Rosa, 123 F.3d 94, 99-100 (2d Cir. 1997), the Second Circuit has contrasted plea agreements that specify a sentencing range with those that do not. The former agreements allow the defendant "in advance, to evaluate the predicted range and assess in an informed manner whether he is willing to accept the risk that he will receive a sentence in the upper part of the range and be unable to appeal." Id. at 99. In contrast, agreements that do not provide such a range present the defendant with "a virtually unbounded risk of error or abuse by the sentencing court." Id. Under these open-ended agreements, the defendant "is not able to rely upon the predicted range for any guaranteed point at which [the] right to appeal will be retained." Id.; see generally David E. Carney, Note, Waiver of the Right to Appeal Sentencing in Plea Agreements with the Federal Government, 40 Wm. & Mary L. Rev. 1019, 1045-52 (1999) (recommending that plea agreements containing waiver-of-appeal provisions also specify a sentence so that "the defendant has the requisite amount of information to make a knowing and voluntary choice").

10

In this case, Mr. Black first argues that the waiver of appellate review set forth in the plea agreement is invalid because the district court itself did not address the waiver provision and explain its consequences at the change-of-plea proceedings.  We are not persuaded by this argument.  As the government notes, several circuits have held that, if the record as a whole establishes that the defendant's waiver of appellate review was knowing and voluntary, there is no requirement that the district court itself specifically address the waiver provision in a colloquy with the defendant.  See United States v.

---

In light of these concerns, the Second Circuit has refused to enforce some waiver-of-appeal provisions that do not specify a sentence or a range of sentences.  See, e.g., United States v. Goodman, 165 F.3d 169, 174 (2d Cir.) (Though we have no need to consider whether this broad waiver form might ever be enforceable, we conclude that it is not enforceable in this case.") (citations omitted), cert. denied, 120 S. Ct. 318 (1999); United States v. Martinez-Rios, 143 F.3d 662, 668 (2d Cir. 1998) ("In the absence of any indication that the defendants understood and knowingly agreed to this unusual form of appellate waiver, we conclude that it is ineffective.")  Even in an instance in which it ultimately enforced such a broad waiver-of-appeal provision, the Second Circuit undertook a detailed, case-specific inquiry into "1) the extent to which the defendant actually understood both the scope of the waiver provision and the factors at work which encompass his risk of a sentence exceeding the predicted range, and 2) the extent of actual discrepancy between the predicted range and the ultimate sentence." Rosa, 123 F.3d at 101.

Without discussing the significance of an open-ended waiver, the decisions of this court have been more deferential to these broad waiver-of-appeal provisions.  See, e.g., Atterberry, 144 F.3d at 1300 (enforcing waiver-of-appeal provision of plea agreement that did not specify a sentence or range of sentences without discussing the significance of this omission); Hernandez, 134 F.3d 1435, 1436-38 (same); see also Goodman, 165 F.3d at 174 (noting Atterberry's deferential approach).  Because Mr. Black has not challenged the waiver-of-appeal provision on the grounds that it fails to provide a specific sentence or range of sentences, we here apply our precedent in Atterberry and Hernandez and leave for another day a more detailed assessment of arguable limitations on waiver-of-appeal provisions in plea agreements.

11

Michelsen, 141 F.3d 867, 871 (8th Cir.) (concluding that "[a]lthough it might have been preferable for the court to have conducted a colloquy with [the defendant] regarding his waiver of appeal, such a dialogue is not a prerequisite for a valid waiver of the right to appeal"), cert. denied, 119 S. Ct. 363 (1998); United States v. Wenger, 58 F.3d 280, 282 (7th Cir. 1995) (upholding a waiver of appeal provision and dismissing the appeal even though the judge did not include the provision in the plea colloquy); United States v. DeSantiago-Martinez, 38 F.3d 394, 395 (9th Cir. 1992) ("[A] Rule 11 colloquy on the waiver of the right to appeal is not a prerequisite to a finding that the waiver is valid.").

We followed this approach in Atterberry, upholding a waiver of appellate review even though the transcript of the change of plea hearing was not in the record. We stated that we saw "nothing in the record suggesting that the waiver was not made knowingly and voluntarily." Atterberry, 144 F.3d at 1300.

In Mr. Black's case, the transcript of the change of plea hearing is in the record. It indicates that although the district court did not specifically address the waiver of appeal provision in its colloquy with Mr. Black, the prosecutor referred to the provision in explaining the plea agreement. Moreover, when questioned by the district court, Mr. Black stated that the prosecutor's summary of the plea agreement was accurate. Accordingly, as in Atterberry, the record indicates that the initial waiver of appeal was knowing and voluntary.

However, that conclusion does not end our inquiry. Mr. Black also argues that the

waiver-of-appeal provision should not be enforced because of the district court's concluding remarks at sentencing. Although the court referred at one point to Mr. Black's motion to withdraw his guilty plea, its broad language ("I am going to strike that provision of the plea agreement so that you may appeal") suggests that it intended to allow Mr. Black to appeal not only the denial of his motion to withdraw his guilty plea but other rulings as well (for example, the district court's application of the Sentencing Guidelines). See Rec. vol. VII, at 79-80.

Nevertheless, our decision in Atterberry indicates that the district court's remarks did not reinstate Mr. Black's right to appeal on the grounds he raises here. There, we concluded for several reasons that the district court's statement at sentencing that the parties had the right to appeal did not negate the waiver-of-appeal provision contained in the plea agreement. We first noted that the court's remarks did not explicitly contradict the waiver-of-appeal provision. However, we also agreed with those circuits holding that "statements made by a judge during sentencing concerning the right to appeal do not act to negate written waivers of that right, because statements like those made by the court during [the defendant's] sentencing do not affect a defendant's prior decision to plead guilty and waive appellate rights." Atterberry, 144 F.3d at 1301 (citing Michelsen, 141 F.3d 867 at 872 and United States v. Melacon, 972 F.2d 566, 568 (5th Cir. 1992)). That principle applies here. The district court's remarks at sentencing could not have affected Mr. Black's prior decision to enter into a plea agreement and waive his right to appeal.

13

That conclusion is also supported by decisions of other circuits holding in similar circumstances that the district court lacks the authority to modify a plea agreement at sentencing. For example, in United States v. Howle, 166 F.3d 1166 (11th Cir. 1999), the sentencing judge told a defendant who had executed a plea agreement containing a waiver-of-appeal provision that it "invite[d] and welcome[d] an appeal." Id. at 1168. In upholding the waiver-of-appeal provision, the Eleventh Circuit concluded that the modification of the plea agreement was beyond the power of the district court:

> Such a modification would impermissibly alter the bargain at the heart of the agreement—without the defendant's waiver of his right to appeal, the Government might not have been willing to dismiss four of the five counts contained in the indictment. Having approved the plea agreement, the district court had no more right to change its terms than it would have to change the terms of any other contract.

Id. at 1169; see also United States v. Ritsema, 89 F.3d 392, 398-99 (7th Cir. 1996) (noting that under Fed. R. Crim. P. 11, "[o]nce the court has accepted a plea agreement, however, it is, as a general rule, bound by the terms of that agreement").

Although the sentencing court may modify plea agreements in certain exceptional circumstances (for example, for reasons of public policy or in instances of fraud on the court, see, e.g., United States v. Ready, 82 F.3d 551 (2d Cir. 1996)), those circumstances are not present here. Accordingly, because the district court's remarks at sentencing could not have affected Mr. Black's decision to enter into the plea agreement and waive his right to appeal, and because the district court lacked the authority to modify the plea

14

agreement in these circumstances, we conclude that the waiver-of-appeal provision should be enforced. Accordingly, Mr. Black has waived his right to appeal his sentence on the grounds he asserts in his appellate brief.

## III. CONCLUSION

For the reasons set forth above, we conclude that the district court did not abuse its discretion in denying Mr. Black's motion to withdraw his guilty plea. Moreover, in light of the provisions of the plea agreement, Mr. Black has waived his right to appeal his sentence.

Accordingly, we AFFIRM the district court's denial of Mr. Black's motion to withdraw his guilty plea. We DISMISS Mr. Black's appeal insofar as it concerns the imposition of his sentence.