**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 4 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

ROBERT EDWARD JONES, JR. a/k/a
Poochie,

      Defendant-Appellant.

No. 00-6252
(W.D. Okla.)
(D.Ct. No. CR-99-121-T)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and
**ROGERS**,[**] District Judge.

_____

      Robert Edward Jones, Jr. was originally indicted for several drug-related

offenses.  Pursuant to a plea agreement with the government, Mr. Jones pled

guilty to one count of conspiracy to distribute cocaine base (crack), in violation of

---

[*]  This order and judgment is not binding precedent except under the doctrines of
law of the case, _res judicata_ and collateral estoppel.  The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[**]  The Honorable Richard D. Rogers, United States District Court Judge for the
District of Kansas, sitting by designation.

21 U.S.C. § 846. Mr. Jones appeals from the district court's order denying his motion to withdraw his guilty plea. He also claims the district court erred in refusing to appoint substitute counsel before his sentencing. Finally, Mr. Jones argues there was insufficient evidence of the drug amount attributed to him at sentencing. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742.[1] We affirm in part and dismiss in part.

_____

[1] The government argues we do not have jurisdiction because Mr. Jones waived his right to appeal in his plea agreement. However, plea agreement waivers of appeal do not divest us of jurisdiction unless the review sought is subject to 18 U.S.C. § 3742(c). We have jurisdiction over other appeals, pursuant to 28 U.S.C. § 1291, even when the defendant waived his right to appeal in a plea agreement. If we determine the plea agreement and the waiver of appeal were valid, we enforce the waiver and dismiss the appeal pursuant to the terms of the waiver. *United States v. Black*, 201 F.3d 1296 (10th Cir. 2000). We do not dismiss the appeal because we do not have jurisdiction. We dismiss the appeal because we have jurisdiction to enforce the waiver.

Although 18 U.S.C. § 3742(c) limits a defendant's right to file a notice of appeal under certain very limited circumstances, those circumstances are not present here. First, the plea agreement did not include a specific sentence under Federal Rule of Criminal Procedure 11(e)(1)(C). *See* 18 U.S.C. § 3742(c) ("In the case of a plea agreement that includes a specific sentence under rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure – (1) a defendant may not file a notice of appeal under paragraph (3) or (4) of subsection (a) unless the sentence imposed is greater than the sentence set forth in such agreement."). *But see*, *United States v. Rubio*, 231 F.3d 709, 711, 713 (10th Cir. 2000) (holding, in case involving a plea agreement with a specific sentence pursuant to Fed. R. Crim. P. 11(e)(1)(B), "we would certainly overreach our jurisdiction to entertain this appeal when the plea agreement deprived Defendant of the right to appeal") *and United States v. Friday*, No. 00-6326, 2001 WL 1531200, at *1 (10th Cir. Dec. 4, 2001) (unpublished opinion)). Second, Mr. Jones argues his plea was not knowing and voluntary. *See* 18 U.S.C. § 3742(a)(1), (c)(1) (stating defendant not precluded from filing notice of appeal if sentence "was imposed in violation of law"); *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). Finally, 18 U.S.C. § 3742 pertains only to appellate review of a sentence. Mr. Jones' appeal includes review of the district court's

-2-

After receiving his presentence report and prior to sentencing, Mr. Jones filed a motion to withdraw his guilty plea. At the hearing on the motion, he argued he did not knowingly and voluntarily enter into the plea agreement. Mr. Jones' attorney also filed a motion to withdraw as counsel. After hearing from Mr. Jones, his counsel and the prosecutor, the district court issued orders denying both motions.

At the outset, the government argues for dismissal of this appeal because the plea agreement includes a waiver of Mr. Jones' right to appeal. A knowing and voluntary waiver of the statutory right to appeal is generally enforceable by this court. *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). However, Mr. Jones has consistently argued he did not knowingly and voluntarily enter into the plea agreement, thereby challenging the validity of the plea agreement.

The validity of a waiver-of-appeal provision hinges on the validity of the plea agreement. *Id.* at 1299. Therefore, we will consider the issues Mr. Jones raised in the motion to withdraw his guilty plea and which he raises again on

_____

order denying his motion to withdraw his guilty plea.

appeal. *Compare id.* (reviewing the merits of a claim defendant did not knowingly and voluntarily enter into plea agreement) *with United States v. Elliott*, 264 F.3d 1171, 1174-75 (10th Cir. 2001) (enforcing waiver and dismissing appeal when defendant did "not allege that he did not knowingly and voluntarily accept the appellate waiver") *and United States v. Atterberry,* 144 F.3d 1299, 1300-01 (10th Cir. 1998) (dismissing appeal when defendant did "not contend his agreement to the appeal waiver was unknowing or involuntary").

When a motion to withdraw a guilty plea is made before sentencing, the district court may permit withdrawal of the plea for "any fair and just reason." Fed. R. Crim. P. 32(e). We review a district court's order denying withdrawal of a plea for an abuse of discretion. *Black*, 201 F.3d at 1300. Mr. Jones bears the burden of demonstrating a "fair and just reason" for withdrawal of his plea. *Black,* 201 F.3d at 1299. Mr. Jones argues he did not have sufficient time to confer with his attorney regarding the plea agreement and consequently, did not understand the agreement. He articulates two misconceptions: (1) he believed the government's agreement not to seek an enhancement pursuant to 21 U.S.C. § 851 precluded the use of prior convictions to enhance his sentence; and (2) he believed he would be allowed to dispute the drug amounts in the plea agreement at his sentencing hearing. The district court's nine-page order denying the motion

to withdraw the guilty plea carefully and properly analyzed the appropriate factors articulated by our case law.[2]  Therefore, we affirm the order denying the motion to withdraw the guilty plea for substantially the same reasons articulated by the district court.

Next, Mr. Jones argues the district court should have allowed him to substitute counsel before sentencing.  We dismiss this argument because Mr. Jones' plea agreement waived his right to appeal.  Although a waiver should not be used "to deny review of a claim that the agreement was entered into with ineffective assistance of counsel," *Black*, 201 F.3d at 1301, Mr. Jones never argued his counsel was ineffective.  Mr. Jones merely sought substitute counsel. *See United States v.Mendoza-Salgado*, 964 F.2d 993, 1015 (10th Cir.1992) (quoting *Wheat v. United States*, 486 U.S. 153, 159 (1988)) (Sixth Amendment guarantees an effective advocate, not the lawyer the defendant prefers). Therefore, his claim does not raise public policy concerns which might preclude

---

[2]  In addition, the district court took measures to mitigate the effects of Mr. Jones' claimed misunderstandings.  The district court, out of fairness, refused to apply an enhancement based on Mr. Jones' prior criminal history.  In addition, the district court actually did permit Mr. Jones to dispute the drug amounts attributed to him in the plea agreement.  However, Mr. Jones stipulated to the drug quantity after one witness testified. Therefore, any basis Mr. Jones may have had for withdrawing his plea evaporated at the sentencing hearing when the district court addressed the prior conviction issue and Mr. Jones stipulated to the drug quantity.

us from enforcing the waiver. *See id.* The same holds true for Mr. Jones'

insufficient evidence claim. Because Mr. Jones entered into the plea agreement

knowingly and voluntarily and no public policy concerns constrain us from

enforcing the waiver of appeal, we dismiss his remaining claims.[3] *Black,* 201

F.3d at 1301, 1303.


Accordingly, we **AFFIRM** the district court's denial of Mr. Jones' motion

to withdraw his guilty plea, and we **DISMISS** the remaining issues in his appeal.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

---

[3] We could also affirm Mr. Jones' conviction and sentence on the merits. "Only when the trial court *unreasonably or arbitrarily interferes* with a defendant's right to counsel of choice do we agree a conviction cannot stand." *Mendoza-Salgado*, 964 F.2d at 1016 (emphasis in original). The district court did not unreasonably or arbitrarily interfere with Mr. Jones' right to his choice of counsel. It carefully considered counsel's request to withdraw and properly applied the standards from *United States v. Anderson*, 189 F.3d 1201, 1210-11 (10th Cir. 1999). Mr. Jones stipulated to the drug quantities at the sentencing hearing. Therefore, his claim the government presented insufficient evidence at sentencing to support the drug amounts attributed to him is without merit.