**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 14 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

TROY OSBORN,

Defendant - Appellant.

No. 01-3094
(D.C. No. 00-CR-20113-GTV)
(D. Kansas)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge, **PORFILIO,** Circuit Judge, and **BRORBY** ,
Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Troy Osborn pled guilty to one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B), and was sentenced to forty-one months' imprisonment, three years' supervised release, a special assessment of $100.00 and a fine of $7,500.00. Osborn contends the district court applied an incorrect sentencing guideline in calculating his sentence.

The government contends that Osborn waived the right to appeal his sentence pursuant to his plea agreement. In his plea agreement, Osborn waived the right to appeal any sentence imposed by the court within the applicable sentencing guideline range, as determined by the court, but reserved the right to appeal an upward departure from the sentencing guideline range or an illegal sentence. *See* Aplt. App. at 26.

"A defendant's knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000) (quotation and alteration omitted). Appellate waivers are subject to certain exceptions, including where the district court relied on an impermissible factor such as race, where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, where the sentence exceeds the statutory maximum, or where the waiver is otherwise unlawful. *See id.* at 1301.

-2-

Osborn appears to contend that the district court's alleged application of an improper sentencing guideline amounts to an illegal sentence. Notably, however, Osborn's plea agreement explicitly grants the district court the discretionary power to determine the applicable guideline. Further, the sentence imposed by the district court does not fall within the definition of an illegal sentence. *See United States v. Neary*, 183 F.3d 1196, 1198 (10th Cir. 1999) (defining facially illegal sentences "as those sentences based on race, gender, or other considerations contravening clearly established public policy"), and *United States v. Dougherty*, 106 F.3d 1514, 1515 (10th Cir. 1997) (defining an illegal sentence as "one which is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence which the judgment of conviction did not authorize" (quotation omitted)).

We have examined the sentencing transcript, the plea agreement, and the entire record on appeal. Osborn does not contend that the plea agreement was not entered knowingly and voluntarily. The sentence imposed was not an illegal sentence, and the district court did not depart from the guideline it determined was applicable. *See United States v. Angevine*, ___ F. 3d ___, No. 01-6097, 2002 WL 254138, at *5 (10th Cir. Feb. 22, 2002). Consequently, Osborn waived his right to bring this appeal.

The appeal is DISMISSED for lack of jurisdiction.

                                              Entered for the Court


                                              Deanell Reece Tacha
                                              Chief Judge