**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

VICTOR MOORE,

      Defendant - Appellant,

      v.

UNITED STATES OF AMERICA,

      Plaintiff - Appellee.

No. 01-5168
(D. C. Nos. 01-CV-163-H,
99-CR-23-H)
(N.D. Oklahoma)

**ORDER AND JUDGMENT*** 

Before **TACHA**, Chief Judge, **EBEL**, and **LUCERO**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner Victor Moore seeks a certificate of appealability (COA) to pursue his appeal of the district court's denial of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

with intent to distribute marijuana and to distribution of methamphetamine. He was sentenced to 114 months' incarceration, five years' supervised release, and a $5,000 fine. Defendant Moore entered into a plea agreement under which he waived his right to appeal and to collateral attack, so long as the plea was knowingly and voluntarily made and in the absence of ineffective assistance of counsel. The district court held that neither of these exceptions applied to this case and denied the § 2255 motion. The district court further declined to grant COA. Appellant files an application for COA with this court.

The two issues presented by this application for a certificate of appealability are whether the plea agreement was entered into voluntarily and knowingly and whether defendant's counsel was ineffective for including two provisions in the plea agreement waiving the right to appeal and for failing to inform defendant specifically of the effect upon his case of agreeing to the waivers of the right to appeal. Defendant also alleges that his counsel was ineffective because of a failure to fully explain the terms of supervised release that would be imposed under the plea agreement.

We have reviewed carefully the plea agreement and the transcript of the plea hearing and sentencing proceeding. We agree with the conclusions of the district court that the plea agreement was quite clear with respect to the waiver of the right to appeal and to collateral attack and that the district court thoroughly

questioned the defendant with respect to his decision to plead guilty under the plea agreement. Indeed, the district court asked a series of in-depth questions designed to determine whether defendant was fully informed with respect to the provisions of the agreement. In addition to the plea agreement, defendant also executed a separate document representing that he had reviewed all of the provisions of the plea agreement. We find that the district court made a thorough inquiry into whether the plea agreement was entered into knowingly and voluntarily. Although it is true that the district court did not directly address the appellate rights waiver provision in the plea agreement, this court has repeatedly held that a court's failure to directly address the appellate waiver provision does not negate that provision, so long as the record is clear that the waiver was entered into knowingly and voluntarily. See United States v. Black, 201 F.3d 1296, 1301-02 (10th Cir. 2000).

Petitioner claims that his defense counsel was ineffective because he negotiated a plea agreement with two different appellate waiver provisions. The inclusion of two instead of one waiver provision does not negate the enforceability of a plea agreement entered into knowingly and voluntarily. Indeed, the inclusion of two provisions that are not inconsistent merely informs the defendant one more time of the waiver provision. Thus, inclusion of two waiver provisions is not unreasonable. Even construing the filings in the district

court and in this court liberally as we must do in the case of a *pro se* petitioner, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), we find no evidence in this record that defense counsel rendered ineffective assistance in the negotiation and entry of the plaintiff's guilty plea pursuant to the plea agreement.

To be entitled to a COA, Mr. Moore must make "a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He can make this showing by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotation omitted).

We may grant habeas relief only if the state court entered a judgment that

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

For substantially the reasons given by the district court, we find that Mr. Moore has not met the statutory requirements.  We therefore deny his application for COA and dismiss the appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge