**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DARRYLE ANTHONY JOLLEY,

Defendant-Appellant.

No. 02-1360
(D.C. No. 01-CR-250-N)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **ANDERSON**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

An indictment charged Mr. Jolley with four counts of distributing a controlled substance and two counts of being a felon in possession of a gun. On

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

December 7, 2001, Defendant pled guilty to one count of violating the Armed Career Criminal Act by possessing a firearm subsequent to three previous convictions for a violent felony or serious drug offense. 18 U.S.C. § 924(e)(1). The Government agreed to dismiss the remaining five counts of the indictment at sentencing. At the time of the plea, Defendant was represented by counsel.

On March 13, 2002, two days before the scheduled sentencing hearing, Defendant filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 32(e), arguing that new evidence had come to his attention that would support an argument that his confession was procured through false promises of leniency. He further claimed that after he entered into the plea agreement he learned that a witness to the promises had been intimidated to remain silent by one of the agents. He stated that "his decision with regard to his plea would be different" in light of this information. Rec., Vol. 6, at 9. The district court held a hearing at which Defendant was permitted to testify and to produce evidence supporting his claims. Following the hearing, the district court denied Defendant's motion and sentenced him to serve 235 months in prison. Defendant appeals to this court.

On appeal, Defendant claims that the district court erred in denying his motion to withdraw his guilty plea. We review the district court's denial of a motion to withdraw a guilty plea for an abuse of discretion. Barker v. United

States, 579 F.2d 1219, 1223 (10th Cir. 1978). A defendant does not have an absolute right to withdraw his guilty plea prior to sentencing. Fed. R. Crim. P. 32(e); see also Mabry v. Johnson, 467 U.S. 504, 508-09 (1984). The defendant has the burden of proving a "fair and just reason" to withdraw his guilty plea pursuant to Rule 32(e). United States v. Burger, 964 F.2d 1065, 1070-71 (10th Cir. 1992) (citation omitted).

We have articulated seven factors to be considered in our determination of whether a defendant has met the burden of establishing "a fair and just reason" for withdrawing his guilty plea. United States v. Black, 201 F.3d 1296, 1299-1300 (10th Cir. 2000); see also United States v. Gordon, 4 F.3d 1567, 1572 (10th Cir. 1993). These factors are:

> (1) whether the defendant has asserted his innocence; (2) whether the government will be prejudiced if the motion is granted; (3) whether the defendant has delayed in filing the motion; (4) the inconvenience to the court if the motion is granted; (5) the quality of the defendant's assistance of counsel; (6) whether the plea was knowing and voluntary; (7) whether the granting of the motion would cause a waste of judicial resources.

Black, 201 F.3d at 1299-1300 (10th Cir. 2000).

Defendant's argument that the district court failed to consider his legal innocence is unsupported by the record. The district court considered Defendant's allegation that information came to his attention after he entered his plea that might have assisted him in suppressing his confession. Our review of the record reveals that the district court granted Defendant a hearing to establish

-3-

this evidence, considered all of the evidence, and rejected Defendant's argument on the merits. After the hearing, the district court determined that Defendant was unable to demonstrate that evidence existed in support of his claim that the Government falsely promised leniency. Specifically, the witness to the alleged unfilled promises indicated at the hearing that she would invoke the Fifth Amendment if called to testify. Additionally, Defendant never asserted his innocence. He was represented by counsel when he entered into the plea agreement and he entered into the plea agreement freely and voluntarily. We cannot find fault with the district court's analysis of the other factors.

Therefore, in light of the <u>Gordon</u> factors and the facts of the instant case, we hold that the district court did not abuse its discretion in denying Defendant's motion to withdraw his guilty plea.

The conviction and sentence are **AFFIRMED**.

Entered for the Court

Monroe G. McKay
Circuit Judge