**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

PATRICK SEAN HARDY,

    Defendant-Appellant.

No. 03-5158

(D.C. No. 02-CR-120-EA)
(N.D. Oklahoma)

**ORDER AND JUDGMENT***

Before **BRISCOE**, **ANDERSON**, and **LUCERO**, Circuit Judges.

Defendant Patrick Sean Hardy pled guilty to possession of methamphetamine precursors with intent to facilitate the manufacture of methamphetamine, in violation of 21 U.S.C. § 843(a)(6) and (d)(2). Hardy appeals the 86-month sentence imposed. We have jurisdiction pursuant to 28 U.S.C. § 1291 and dismiss the appeal.

On appeal, Hardy contends, as he did at sentencing, that the district court erred (1) by applying the 2002 Sentencing Guidelines instead of the 2000 Guidelines, which

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

resulted in a greater sentence, in violation of the ex post facto clause; (2) by attributing to him possession of 51.84 grams of pseudoephedrine based on empty boxes found during the January 2001 search, and (3) by sentencing him pursuant to U.S.S.G. § 2D1.1, which is applicable to defendants involved in the manufacture or attempted manufacture of methamphetamine when manufacture or attempted manufacture was not established here.

I.

We must first determine whether our consideration of the issues raised is precluded by Hardy's waiver of his appellate rights. In the plea agreement, Hardy agreed to plead guilty to possession, between July 1999 and June 2001, of methamphetamine precursors as charged in an amended information, and "to waive all appellate rights, including any and all collateral attacks including but not limited to those pursued by means of a writ of habeas corpus, save and except claims of ineffective assistance of counsel." ROA, Vol. I, Doc. 173 at 3. Further, at the change of plea hearing, Hardy's counsel stated that Hardy agreed to waive all appellate rights except as limited above. In addition, in Hardy's colloquy with the court, the court asked Hardy if he understood the scope of the appellate waiver and explained the scope of the waiver. In response to a series of questions posed by the court, Hardy stated that he understood the scope of the waiver. In United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc), this court adopted a three-pronged analysis to determine whether appeals brought after a defendant has entered into an appeal waiver come within the waiver: "(1) whether the disputed appeal falls within the

scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice."

*Scope of waiver*

Hardy argues the waiver does not bar him from raising sentencing issues on appeal because the waiver did not specifically refer to or include sentencing issues. According to Hardy, when he waived "all appellate rights," he was only waiving the right to challenge the underlying conviction. This argument is counter to the plain language of the waiver and Hardy cites no case law in support of his argument.

In the alternative, Hardy argues a sentence in violation of the Constitution is not within the scope of an appellate waiver. He argues the district court's use of the 2002 Guidelines resulted in a longer sentence and violated the ex post facto clause. In support of his ex post facto argument, Hardy cites United States v. Black, 201 F.3d 1296, 1301 (10th Cir. 2000), and United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). While Hardy quotes favorable phrases from these cases, neither case indicates that all constitutional sentencing errors are outside the scope of appellate waivers. Rather, the cases indicate that a defendant's waiver of appellate rights does not waive the right to appeal certain types of constitutional errors, i.e., sentences in excess of the statutory maximum or sentences tainted by racial bias. Hardy's sentence was not in excess of the statutory maximum and there is no indication that the sentence was based on race or any

3

other impermissible factor.

*Knowing and voluntary waiver*

Hardy does not dispute that he knowingly and voluntarily waived his appellate rights.

*Miscarriage of justice*

In Hahn, this court stated that enforcement of an appellate waiver results in a miscarriage of justice only "'[1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful.'" Hahn, 359 F.3d at 1327 (quoting United States v. Elliott, 264 F.3d 1171, 1173 (10th Cir. 2001)). There is no indication in the record that the district court relied on an impermissible factor such as race or that Hardy's counsel was ineffective in the negotiation of the waiver. His sentence did not exceed the statutory maximum of ten years. Nor does Hardy contend that the waiver was otherwise unlawful.

## II.

In summary, Hardy has waived his right to raise the sentencing issues presented. He waived "all appellate rights" when he executed the plea agreement. We conclude the issues asserted here come within the purview of that waiver and that his waiver was knowingly and voluntarily entered. Further, Hardy has not alleged or shown that our

4

enforcement of the waiver would result in a miscarriage of justice.

The appeal is DISMISSED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge