**F I L E D**

**UNITED STATES COURT OF APPEALS**

**August 5, 2005**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JOHNNY LEE DAWSON,

    Defendant-Appellant.

No. 04-2176
(District of New Mexico)
(D.C. No. CR-04-537-RB)

## ORDER AND JUDGMENT[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this court has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant-appellant Johnny Lee Dawson entered into a written plea agreement in which he admitted to conspiracy to distribute and distribution of less

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

than five grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), 846, and 860(a), and 18 U.S.C. § 2. The district court accepted the sentencing range recommended by the presentence report ("PSR") and sentenced Dawson to 188 months' imprisonment.[1] Dawson timely appealed, and defense counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and moved to withdraw. After receiving a copy of counsel's *Anders* brief and motion to withdraw, Dawson filed a *pro se* brief arguing the merits of his claims.[2] *See id.* at 744. The government declined to file a response. Upon review of the parties' arguments and the entire record on appeal, we conclude that Dawson has waived his right to challenge his sentence on appeal. Consequently, exercising jurisdiction pursuant to 28 U.S.C. § 1291, this court grants counsel leave to withdraw and **dismisses** the appeal.

Relying on the Supreme Court's decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), Dawson argues that his Fifth and Sixth Amendment rights were violated because his prior convictions, used to enhance his sentence, were not

---

[1] Under the career offender provisions of the United States Sentencing Guidelines ("U.S.S.G."), Dawson's base offense level was thirty-four. U.S.S.G. § 4B1.1(b). A three-level reduction for acceptance of responsibility was applied, *id.* § 3E1.1, producing an adjusted offense level of thirty-one. Based on this adjusted offense level and Dawson's criminal history category VI status, *id.* § 4B1.1(b), the PSR recommended a Guidelines range of 188 to 235 months.

[2] Dawson's response included a motion for appointment of new counsel which is hereby denied.

charged in the indictment filed by the government, proven to a jury, or admitted

by Dawson. In his plea agreement, however, Dawson specifically waived his

right to appeal his sentence.[3] Despite this waiver, defense counsel raised an

objection under *Blakely* at Dawson's sentencing and the district court indicated

that the issue would be preserved for appellate review. When the government

objected, the court responded by saying:

> I think that [Dawson] has [preserved the issue] simply by raising
> [*Blakely*], because at the time the plea agreement was entered into,
> *Blakely* had not been decided. So that is an after-the-fact
> proposition. And I don't think anybody can waive anything that they
> didn't know that they had knowingly and intelligently. And I would
> hope the Government would not take that position in the event that
> the issue did come up. If *Blakely* had been decided prior to that and
> he gave it away, that's one thing. But I'm not sure anybody could
> have anticipated *Blakely* or the lineup in the five votes, frankly. So

---

[3]The plea agreement, which was accepted by the district court prior to
sentencing, states:

> The defendant is aware that Title 18, United States Code, § 3742
> affords a defendant the right to appeal the sentence imposed.
> Acknowledging that, the defendant knowingly waives the right to
> appeal any sentence within the applicable guideline range as
> determined by the Court after resolution of any objections by either
> party to the presentence report to be prepared in this case, and the
> defendant specifically agrees not to appeal the determination of the
> Court in resolving any contested sentencing factor. In other words,
> the defendant waives the right to appeal the sentence imposed in this
> case except to the extent, if any, that the Court may depart upwards
> from the applicable sentencing guideline range as determined by the
> Court.

I'm just telling you that as far as I am concerned here, you have raised the issue . . . .

Generally, this court "enforce[s] plea agreements and their concomitant waivers of appellate rights." *United States v. Hahn*, 359 F.3d 1315, 1318 (10th Cir. 2004) (en banc). A waiver of the right to appeal will be enforced if (1) the appeal falls within the scope of the waiver, (2) the waiver was knowing and voluntary, and (3) enforcing the waiver would not result in a miscarriage of justice. *Id.* at 1325. A miscarriage of justice occurs when (1) the district court relied on an impermissible factor, such as race, (2) defense counsel provided ineffective assistance, (3) the sentence exceeds the statutory maximum, or (4) the waiver is otherwise unlawful. *Id.* at 1327.

The waiver of appellate rights in Dawson's plea agreement contains broad language, excepting only a challenge to an upward departure. Because Dawson's *Blakely* challenge does not relate to an upward departure, there is no question that this appeal is within the scope of the appellate waiver. *Cf. United States v. Green*, 405 F.3d 1180, 1189-90 (10th Cir. 2005).

As evidenced by the language of the plea agreement stating that the plea was "freely and voluntarily made," Dawson's waiver of his appellate rights was knowing and voluntary. *See Hahn*, 359 F.3d at 1325. Although the transcript of the change of plea hearing is not in the record on appeal, there is nothing in the record to suggest the waiver was not made knowingly and voluntarily. *See United*

-4-

*States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). Additionally, Dawson never moved to withdraw his plea and does not now assert that his plea was not knowing and voluntary. Contrary to the suggestion of the district court, the Supreme Court's decisions in *Blakely* and subsequently in *United States v. Booker*, 125 S. Ct. 738 (2005), have no effect on the voluntary and knowing nature of the waiver. *See Green*, 405 F.3d at 1190-91.

Finally, enforcing the appellate waiver in the present case does not result in a miscarriage of justice. *Hahn*, 359 F.3d at 1327. In imposing the sentence, the district court did not rely on an impermissible factor, nor is there any suggestion of ineffective assistance of counsel. *See id.* Dawson's sentence also does not exceed the statutory maximum. *See Green*, 405 F.3d at 1191-94 (concluding that *Booker* does not affect the meaning of "statutory maximum" for purposes of enforcing appellate waivers).[4] Nor does this court see any reason why Dawson's appellate waiver is unlawful. *See United States v. Porter*, 405 F.3d 1136, 1144-45 (10th Cir. 2005) (observing that change in law wrought by *Booker* does not render an appeal waiver "unlawful").

The district court's statements that Dawson could appeal his sentence under *Blakely* do not modify or override the waiver of the right to appeal contained in

---

[4]The maximum statutory penalty to which Dawson was subject was forty years. *See* 18 U.S.C. § 860(a).

Dawson's plea agreement. *See United States v. Black*, 201 F.3d 1296, 1302-03 (10th Cir. 2000). Indeed, absent exceptional circumstances, once an agreement is accepted by the district court, the court lacks the authority to modify the terms of the plea agreement. *Id.* at 1303. There are no such circumstances in the present situation. Accordingly, because Dawson effectively waived his right to appeal his sentence, the appeal is **DISMISSED**.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge