**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KORI LEE HENDERSON,

    Defendant - Appellant.

No. 05-5086
(D. Ct. No. 05-CR-005-001-HDC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before, **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal from an order of the District Court denying Defendant-Appellant Kori Lee Henderson's motion to withdraw his guilty plea. Mr. Henderson's appointed

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

counsel subsequently filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).[1]

Mr. Henderson pled guilty to possession with intent to distribute a controlled substance, methamphetamine, cocaine, and marijuana, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(viii) and (b)(1)(C) and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). The record in this case makes clear that at the change of plea hearing on February 24, 2005, the District Court very carefully explained to Mr. Henderson all of the legal rights that would be forfeited by pleading guilty. The District Court further posed a series of questions to Mr. Henderson, including questions about the facts of the underlying charges and Mr. Henderson's satisfaction with counsel. The District Court then accepted the plea of guilty and found that the plea was entered freely and voluntarily.

At his sentencing hearing on May 23, 2005, Mr. Henderson made a pro se oral motion to withdraw his plea of guilty. He also gave a handwritten letter to the District Court. Following these pro se actions, the District Court questioned Mr. Henderson about his previous statements to the court under oath. Satisfied that the underlying facts of the plea of guilty were accurate, the District Court denied Appellant's motion to withdraw his guilty plea. He now appeals.

We review the denial of a withdrawal of a motion to withdraw a guilty plea for

---

[1]Mr. Henderson's notice of appeal was filed by a previous court-appointed attorney.

abuse of discretion. *United States v. Black*, 201 F.3d 1296, 1300 (10th Cir. 2000). In this case, Mr. Henderson argues pro se that his guilty plea was not entered into knowingly and intelligently because of medication that he had been taking. In support of this argument, he submits on appeal a patient information leaflet regarding Doxepin HCL 100 mg capsules. The record is clear, however, that the District Court thoroughly interrogated Mr. Henderson about his ability to enter the plea. Indeed, the District Court asked specifically about his ability to understand and participate in the proceedings.

We are convinced from the transcript from the change of plea hearing and the hearing related to the motion to withdraw the guilty plea that Mr. Henderson entered into the plea knowingly and voluntarily, that no other relevant factor provides a basis for Mr. Henderson to withdraw his plea, *see United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993), and that the District Court therefore did not abuse its discretion in denying the motion to withdraw the plea. The District Court's order is AFFIRMED. Counsel's *Anders* motion to withdraw is GRANTED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Chief Circuit Judge