FILED
United States Court of Appeals
Tenth Circuit

January 3, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RUBEN JARAMILLO,

     Defendant - Appellant.

No. 07-2011
(D.C. No. CR-04-919-JEC)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

Defendant-Appellant Ruben Jaramillo appeals from his plea and sentence. On appeal, Mr. Jaramillo's counsel has filed an Anders brief because he identified no potentially meritorious issues for appeal. See Anders v. California, 386 U.S. 738 (1967). Mr. Jaramillo was served with a copy of the Anders brief and a reminder that he could respond. Mr. Jaramillo stated that he did not understand

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

and that he needed help, but did not give any further explanation.  For the reasons set forth below, we dismiss the appeal and grant counsel's motion to withdraw.

Mr. Jaramillo pleaded guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A), (c)(1)(B)(ii) in a redacted superseding indictment.  As part of the plea agreement, he waived his right to appeal the conviction and any sentence within the statutory maximum, and any collateral attack pursuant to 28 U.S.C. § 2255, except for ineffective assistance of counsel.  Based on a substantial assistance motion by the government, 18 U.S.C. § 3553(e), U.S.S.G. § 5K1.1, the district court departed downward three years from the 30 year statutory minimum and sentenced Mr. Jaramillo to 324 months' imprisonment to be followed by three years' supervised release.

Prior to sentencing, the district court apparently rejected Mr. Jaramillo's motion to withdraw his guilty plea brought on the grounds that he was innocent and did not understand his waiver of the right to trial.  The district court relied on the thorough plea colloquy conducted by the magistrate judge who took the plea.

After reviewing the record, we agree that no potentially meritorious issues exist on appeal.  First, the record contains no evidence that the district court abused its discretion in denying Mr. Jaramillo's motion to withdraw his guilty plea.  Mr. Jaramillo was required to show a fair and just reason for the withdrawal.  See Fed. R. Crim. P. 11(d)(2)(B); United States v. Black, 201 F.3d

1296, 1299–1300 (10th Cir. 2000) (listing seven factors relevant to whether a fair and just reason exists).  Mr. Jaramillo contended that although he was found competent to stand trial after a psychiatric evaluation, multiple mental problems interfered with his understanding of the plea.  Yet the magistrate judge, after explaining the right to trial that would be relinquished by a plea, thoroughly questioned Mr. Jaramillo about the factual basis of the plea, and the admissions he made unmistakably establish guilt.  There is no basis to suggest that the plea was other than knowing and voluntary.  See Brady v. United States, 397 U.S. 742, 755–56 (1970).

Second, Mr. Jaramillo was sentenced below the statutory minimum, and no facts in the record suggest that his waiver of the right to appeal (also addressed in the plea colloquy) was anything but knowing and voluntary.  See United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).  Mr. Jaramillo had new counsel by the time the motion to withdraw the plea was filed, and he did not raise an ineffective assistance claim.  Regardless, we ordinarily do not consider such claims on direct appeal, and this case is no exception.  See United States v. Samuels, 493 F.3d 1187, 1193 (10th Cir. 2007); United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc).

Accordingly, we DISMISS this appeal and GRANT counsel's motion to withdraw.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge