**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 25 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

TOBY R. TRUSDALE,

Defendant-Appellant.

No. 00-6424
(D.C. No. 99-CR-177-A)
(W.D. Okla.)

**ORDER AND JUDGMENT** *

Before **TACHA** , Chief Judge,  **PORFILIO** , Circuit Judge, and  **BRORBY** , Senior Circuit Judge.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

---

\*      This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant Toby R. Trusdale appeals from the district court's entry of judgment and the sentence imposed following acceptance of his guilty plea. Defendant pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1) and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). He was sentenced to 240 months on the drug charge and 60 months on the firearm possession charge, to be served consecutively.

On appeal, defendant argues that his plea to the firearm possession charge was not supported by a sufficient factual basis. The government has filed a motion to dismiss this appeal on the ground that, as a part of the plea agreement, defendant waived his right to appeal unless his sentence was above the applicable guideline range or changes in the controlling law having retroactive effect occurred.

We must first determine whether the plea agreement was valid as the validity of a waiver–of–appeal provision hinges on the validity of the plea agreement. United States v. Black, 201 F.3d 1296, 1299 (10th Cir. 2000). A "knowing and voluntary waiver of the statutory right to appeal his sentence is generally enforceable." Id. at 1300 (quotation omitted). Thus, we will enforce the waiver and dismiss the appeal when defendant does "not allege that he did not

knowingly and voluntarily accept the appellate waiver" or that it was in any other way unlawful.  United States v. Elliott , 264 F.3d 1171, 1174-75 (10th Cir. 2001).

"The longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'"  Hill v. Lockhart , 474 U.S. 52, 56 (1985) (quoting  North Carolina v. Alford , 400 U.S. 25, 31 (1970)).

Defendant does not allege that his plea was involuntary either because he did "not understand the nature of the constitutional protections" he waived or because he so incompletely understood "the charge that his plea cannot stand as an intelligent admission of guilt."  Henderson v. Morgan , 426 U.S. 637, 645 n.13 (1976).  Rather, in an attempt to avoid dismissal of his appeal based on waiver, defendant, in his pro se brief, argues that he was under the influence of narcotic pain medication and, thus, was unable to enter a knowing and voluntary plea.  He also contends that he entered the plea in an effort to obtain the surgery he required due to gunshot wounds he suffered at the time of his arrest.

The Summary of Facts (enumerating each right defendant was waiving and indicating defendant's understanding thereof) clearly shows that he was properly advised of and understood his trial rights.  This is not a situation where the waiver of important federal rights is presumed based on a silent record.  See, e.g. , Boykin v. Alabama , 395 U.S. 238, 243 (1969).

Defendant's conclusory statements that he was under the influence of narcotic pain medication and, thus, was unable to enter a knowing and voluntary plea are insufficient to overcome his sworn statements in open court during the plea hearing that he was knowingly and voluntarily executing the guilty plea and waiver of rights.

> [R]epresentations of the defendant . . . as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . .

Lasiter v. Thomas, 89 F.3d 699, 702 (10th Cir. 1996) (quotation omitted); see also Black, 201 F.3d at 1300 (defendant's later allegation that a toothache was so severe he could not voluntarily consent to the plea did not override his sworn statement at plea hearing that he was not under the influence of drugs, his mind was clear, and no circumstances were forcing him to plead guilty).

Further, the fact that defendant entered the plea in an attempt to obtain other benefits does not negate the voluntariness of that plea. See, e.g., id.; Brady v. United States, 397 U.S. 742, 757 (1970) (voluntary plea "does not become vulnerable" because plea rested on faulty premise).

Concluding that defendant entered a voluntary and intelligent plea, we next examine whether the waiver of appeal is enforceable. "If [the] waiver is effective, we would certainly overreach our jurisdiction to entertain this appeal

when the plea agreement deprived Defendant of the right to appeal." United States v. Rubio, 231 F.3d 709, 711 (10th Cir. 2000). "To avoid dismissal of his appeal, Defendant must show why we should not enforce the waiver provision of the plea agreement." Id.

Defendant contends his appeal should not be dismissed because a waiver of appellate rights is not enforceable in appeals concerning the attempted withdrawal of a guilty plea, sentences that exceed the statutory maximum, cases where the plea agreement was silent in regard to the sentencing range, and other public policy constraints. Defendant notes that his plea agreement did not state any drug quantity and did not indicate the applicable guideline sentencing range. Defendant concludes the trial court, therefore, had authority to impose any sentence within the guideline maximum and to arbitrarily pick any guideline it deemed appropriate thereby violating public policy.

None of these speculative situations apply to defendant. Defendant did not attempt to withdraw his guilty plea, his sentence was within the statutory maximum, and the plea agreement set forth the sentencing range. Defendant raised no objection to the guidelines applied by the court, nor does he allege here that the court arbitrarily picked the guideline used.

> [A]greements waiving the right to appeal are subject to certain exceptions, including where the agreement was involuntary or unknowing, where the court relied on an impermissible factor such as race, or where the agreement is otherwise unlawful. In addition, a

waiver may not be used to preclude appellate review of a sentence that exceeds the statutory maximum[] or to deny review of a claim that the agreement was entered into with ineffective assistance of counsel.

United States v. Cockerham, 237 F.3d 1179, 1182 (10th Cir. 2001) (quotation and citations omitted), cert. denied, 122 S. Ct. 821 (2002).

We conclude that defendant knowingly, intelligently, and voluntarily both entered his guilty plea and accepted the waiver of appeal provision contained therein. Thus, we enforce the waiver and DISMISS this appeal.

Entered for the Court

Wade Brorby
Senior Circuit Judge