**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.

TOBY R. TRUSDALE,

        Defendant-Appellant.

No. 02-6272
(D.C. Nos. 02-CV-805-A
and 99-CR-177-A)
(W.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **McKAY** and **BALDOCK** Circuit Judges.

After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

This is a *pro se* 28 U.S.C. § 2255 prisoner appeal. Mr. Trusdale pled guilty to drug and firearm charges and was sentenced to twenty-five years of imprisonment. His conviction was affirmed by this court on appeal. See United

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

States v. Trusdale, 2002 WL 258200 (10th Cir. 2002).

In his § 2255 motion, Mr. Trusdale alleged that he received ineffective assistance of counsel, that the evidence was insufficient to support his convictions, that the sentencing guidelines were applied incorrectly, and that his guilty plea was involuntarily entered. The district court denied the motion. Finding no merit in any of Mr. Trusdale's arguments, the district court declined to grant him a certificate of appealability. Petitioner then applied to this court for a certificate of appealability.

In order for this court to grant a certificate of appealability, Petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do so, Petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted).

In his plea agreement, Mr. Trusdale waived his right to appeal or collaterally challenge his guilty plea or his sentence. We have consistently upheld such waiver provisions in plea agreements. See United States v. Elliott, 264 F.3d 1171 (10th Cir. 2001); United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001), *cert. denied*, 534 U.S. 1085 (2002). Mr. Trusdale has already challenged

the validity of his waiver, and we have found it to be enforceable. See Trusdale, 2002 WL 258200, at *3.

With respect to Mr. Trusdale's allegations of ineffective assistance of counsel, as the district court explains, Petitioner has failed to allege any facts establishing deficient performance by trial counsel that affected Mr. Trusdale's decision to plead guilty. Therefore, all of Mr. Trusdale's claims based on ineffective assistance of counsel in connection with the guilty plea must fail.

We have carefully reviewed the briefs, the district court's disposition, and the record on appeal. Nothing in the facts, the record on appeal, or the briefs raises an issue which meets our standards for the grant of a certificate of appealability. Therefore, for substantially the same reasons as set forth by the district court in its Order of August 14, 2002, we cannot say "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner." Id.

We DENY Petitioner's request for a certificate of appealability and DISMISS the appeal. Petitioner's motion to proceed *in forma pauperis* on appeal is GRANTED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-