**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

TOBY R. TRUSDALE,

      Plaintiff-Appellant,

v.

KERRY BELL; CRAIG PLATT,
Logan County Sheriff; NORMAN
McNICKLE, Chief of Police Stillwater
Oklahoma; JAMES BISHOP;
DEWADE LANGLEY, Director of
OSBI; RISK MANAGEMENT
ADMINISTRATOR; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA; DEE CORDRY,

      Defendants-Appellees.

No. 02-6398
(D.C. No. 01-CV-1018-C)
(W.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **MURPHY** , **HARTZ** , and **McCONNELL** , Circuit Judges.

---

\*    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Toby Ray Trusdale, a federal prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action against eight law enforcement officials. Mr. Trusdale alleges various constitutional violations stemming from the execution of an allegedly invalid no-knock search warrant, during which he was shot by defendant Officer Bell. Mr. Trusdale claims the no-knock search warrant (pursuant to which the officers recovered methamphetamine and a shotgun) was based on false, unsubstantiated and uncorroborated information, and that the officers employed unconstitutionally excessive force. He seeks two million dollars in damages.

As to the allegedly invalid search warrant, the district court granted Officer Bell's, Officer McNickle's, and Agent Cordry's 12(b)(6) motions, and dismissed Sheriff Platt pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). That court also dismissed Mr. Trusdale's excessive-force claims by granting Officer McNickle's and Agent Cordry's 12(b)(6) motions, Sheriff Platt's motion for summary judgment, and Officer Bell's motion for summary judgment based on qualified immunity. Mr. Trusdale timely appeals these decisions. [1]

---

[1]    Mr. Trusdale does not address the propriety of the district court's dismissal of the other four named defendants, thereby apparently conceding that they were properly dismissed. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 984 n.7 (10th Cir. 1994) (appellant's failure to raise an issue in his opening brief waives the point); Fed. R. App. P. 28(a)(9)(A) (appellant's opening brief must contain "appellant's contentions and the reasons for them").

This court reviews de novo a district court's grant of 12(b)(6) motions and summary judgment motions. *Hartman v. Kickapoo Tribe Gaming Comm'n*, 319 F.3d 1230, 1234 (10th Cir. 2003). We review a district court's decision to dismiss a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). The presence or absence of qualified immunity is a question of law we also review de novo. *Pino v. Higgs*, 75 F.3d 1461, 1467 (10th Cir. 1996). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

It is well-settled that a prisoner cannot recover damages in a § 1983 suit for an allegedly unconstitutional conviction or sentence until and unless his conviction or sentence is invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (If "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed."). But a suit for damages attributable to an allegedly unreasonable search "may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still outstanding conviction." *Id.* at 487 n.7; *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 559 n.4 (10th Cir. 1999) ("[U]se of illegally obtained evidence does not, for a variety of reasons, necessarily imply an unlawful conviction.").

Here, however, we are faced with the "rare situation" where, as far as we can tell from the record before us, all of the evidence obtained (i.e., the methamphetamine and shotgun), was the result of execution of the allegedly invalid no-knock search warrant. *Beck,* 195 F.3d at 559 n.4; *see also United States v. Trusdale* , 38 Fed. Appx. 485, 486 (10th Cir. Feb. 25, 2002) (Mr. Trusdale pled guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)). Indeed, the magistrate judge took judicial notice of district court records concerning Mr. Trusdale's criminal conviction and said the "evidence obtained by law enforcement" pursuant to the no-knock search warrant "formed the basis" for Mr. Trusdale's "federal criminal prosecution." R., Doc. 66 at 10. Mr. Trusdale does not demonstrate that his conviction or sentence has been invalidated, or that a judgment in his favor "would *not* necessarily imply that [his] conviction was unlawful." *Heck*, 512 U.S. at 487 n.7 (emphasis added). Awarding Mr. Trusdale damages in this civil suit would imply the invalidity of his conviction, and is barred by *Heck*. We therefore concur with the magistrate judge's report and recommendation advising the district court to grant Officer McNickle's and Agent Cordry's 12(b)(6) motions, and to dismiss Sheriff Platt pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). We also agree with the district court's

subsequent grant of Officer Bell's 12(b)(6) motion on this claim and that court's adoption and affirmation of the report and recommendation "in its entirety." R., Doc. 68 at 2.

Mr. Trusdale's excessive-force claims against Officer McNickle, Agent Cordry, and Sheriff Platt flow from their allegedly supervisory roles and from their involvement in procuring the no-knock search warrant. [2] Because Mr. Trusdale fails to show any personal participation on the part of any of these defendants in the use of excessive force, the magistrate judge properly advised the district court to grant Officer McNickle's and Agent Cordry's 12(b)(6) motions, and Sheriff Platt's motion for summary judgment. *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir. 1997) ("Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."); *Jenkins v. Wood*, 81 F.3d 988, 994-95 (10th Cir. 1996) ("[P]laintiff must show the defendant personally participated in the alleged violation, and conclusory allegations are not sufficient to state a constitutional violation.") (internal citation omitted). Upon

---

[2] *See* Aplt.'s Opening Br. at 15 (Officer McNickle was a "supervisory official for [Officer] Kerry Bell at the time of the shooting."); *id.* at 8 ("Defendant [Sheriff Platt] is directly responsible for personnel under his supervision, and [for] supplying false information to the officer's [sic] executing the search warrant."); *id.* at 4 ("[Agent] Dee Cordry . . . sought out and obtained by sworn affidavit, the search warrant for [Mr. Trusdale's] residence.").

de novo review, we conclude that the district court did not err in granting these defendants' motions.

We next turn to Mr. Trusdale's excessive-force claim against Officer Bell. Mr. Trusdale alleges that the district court erred in granting Officer Bell summary judgment based on qualified immunity because "his actions were unreasonable under the circumstances and could be found differently by [a] jurist of reason." Aplt.'s Traverse to Br. of Defs./Aplees. Bell and McNickle at 7. We review summary judgment orders deciding qualified immunity questions de novo, but our review is

> different[] from [the way we review] other summary judgment decisions . . . . When a § 1983 defendant raises the defense of qualified immunity on summary judgment, the burden shifts to the plaintiff to show that 1) the official violated a constitutional or statutory right; and 2) the constitutional or statutory right was clearly established when the alleged violation occurred.

*Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1311-12 (10th Cir. 2002) (internal quotation marks and citation omitted). "If the plaintiff does not satisfy either portion of the two-pronged test, the Court must grant the defendant qualified immunity." *Id.* at 1312. On the other hand, we have stressed that "this court will not approve summary judgment in excessive force cases–based on qualified immunity or otherwise–if the moving party has not quieted all disputed issues of material fact." *Id.* at 1314.

The right to be free from excessive force is violated only if the force employed is objectively unreasonable. *See Saucier v. Katz*, 533 U.S. 194, 202 (2001); *Olsen*, 312 F.3d at 1313-14. "Because police officers are often forced to make split-second judgments–in circumstances that are tense, uncertain, and rapidly evolving–about the amount of force that is necessary in a particular situation, the reasonableness of the officer's belief as to the appropriate level of force should be judged from that on-scene perspective." *Saucier*, 533 U.S. at 205 (internal quotation marks and citation omitted); *see also Olsen*, 312 F.3d at 1314. Factors to be considered include the "degree of potential threat that the suspect poses to an officer's safety and to others' safety," and whether the suspect attempts to resist or evade arrest. *Olsen*, 312 F.3d at 1314.

Although Officer Bell's perception of the threat turns out, in hindsight, to have been tragically mistaken, the objective reasonableness of his actions must be viewed from the "on-scene perspective." *Saucier*, 533 U.S. at 205. So viewed, the undisputed evidence in this case supports the objective reasonableness of his actions. In advance of entry into Mr. Trusdale's home, Officer Bell was briefed that Mr. Trusdale "was a homicide suspect with a violent criminal history," "was known to carry a firearm at all times, even from room to room in his residence," and that he had "shot a police officer in Kansas." Br. of Defs./Aplees. Bell and McNickle at 4. Officer Bell was told that the suspects were heavily armed and

were conducting a methamphetamine laboratory. The warrant Officer Bell was executing was a no-knock, high-risk warrant. After entering the premises, Officer Bell proceeded to the doorway of a dimly lit bedroom, where he saw Mr. Trusdale. The officer believed Mr. Trusdale was advancing on him, but this is disputed. Mr. Trusdale lifted his right arm; he was carrying an object that appeared to Officer Bell to be a gun. Officer Bell fired, either twice or thrice.

Ultimately, it turned out that Mr. Trusdale was not carrying a gun, but only a Bic cigarette lighter. The legal question, however, is not whether the Officer was mistaken, but whether his actions were objectively reasonable in light of what he perceived at the time. We agree with the district court that the undisputed evidence supports summary judgment in favor of the officer. As stated by the magistrate judge in his supplemental report and recommendation, "[t]he fact that a no-knock, night-time warrant was issued alone indicates the potential existed for a violent confrontation." R., Doc. 75 at 11-12; *see also* Okla. Stat. tit. 22, § 1228 (execution of a search warrant without warning or notice). The district court found that in the split second before Officer Bell fired it would not necessarily be clear to a reasonable officer that his conduct was unlawful in the situation he confronted.

Attempting to refute the reasonableness of Officer Bell's actions, Mr. Trusdale points to several disputed factual issues. The question is whether

any of those disputed issues is material. Mr. Trusdale states that he was in prison at the time of the homicide and therefore could not be a suspect, that he was not in possession of any firearms except for a wall-mounted shotgun, and that he had never shot a police officer in Kansas. These claims are beside the point, however. Officer Bell may have been misinformed, but he was reasonable to act on the basis of the information provided to him.

Additionally, Mr. Trusdale argues that his "residence was not dark." Aplt.'s Traverse to Br. of Defs./Aplees. Bell and McNickle at 2. The darkness issue is more a question of characterization than of disputed fact; the facts show that the only light in the bedroom came from a lamp in the corner of the room, behind Mr. Trusdale, and from another room. More significantly, Mr. Trusdale claims that he had raised his hands to the level of his head by the time Officer Bell had entered the room, and that he did not advance toward Officer Bell. Even if true, this does not negate Officer Bell's testimony that he observed Mr. Trusdale raising his arm with what appeared to be a gun pointing at the Officer. Finally, in Mr. Trusdale's view,

> if officer Bell was close enough to tell or guess the size and caliber
> of the imagined firearm he thought he saw, then he should clearly
> have been able to see that no firearm in fact existed, and that
> plaintiff was holding only a Bic lighter in his hand with his hands
> above his head in peaceful surrender.

Aplt.'s Opening Br. at 11. What Officer Bell "should clearly have been able to see," however, cannot be the basis for imposing liability. The question is whether his actions were reasonable in light of the circumstances. The Supreme Court has "cautioned against the '20/20 vision of hindsight' in favor of deference to the judgment of reasonable officers on the scene." *Saucier*, 533 U.S. at 205 (quoting *Graham v. Connor*, 490 U.S. 386, 393 (1989)). This was a close case, but we do not think the district court erred in granting summary judgment.

In closing, we note that the district court did not consider Mr. Trusdale's bare allegations that his Fifth and Sixth Amendments rights were violated, and neither will we. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below."). We likewise will not entertain the several issues Mr. Trusdale raises for the first time on appeal. *McDonald v. Kinder-Morgan, Inc.,* 287 F.3d 992, 999 (10th Cir. 2002). Finally, we note that while the magistrate judge recognized that Mr. Trusdale's complaint raised a claim pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), the magistrate did not consider this claim. Neither did the district court. Even so, because all of the defendants are alleged to be employees either of Oklahoma or municipal entities within Oklahoma, a *Bivens* action is improper. *See Robbins v.*

-10-

*Wilkie* , 300 F.3d 1208, 1211-1212 (10th Cir. 2002).  Besides, Trusdale did not allege that he should have been allowed to proceed pursuant to *Bivens* .

The judgments of the district court are AFFIRMED.

Entered for the Court

Michael W. McConnell
Circuit Judge