**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 29 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

TARIG AL-TAWEEL,

    Defendant-Appellant.

Nos. 03-5176 & 03-5195
(N.D. Okla.)
(D.Ct. Nos. CR-03-57-P & CR-02-58-P)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **TACHA**, Chief Circuit Judge, and **PORFILIO** and **BRORBY**, Senior
Circuit Judges.

_____

    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument.

---

    [*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

Appellant Tarig Al-Taweel, a federal prisoner represented by counsel, pled guilty in two separate cases to one count of mailing threatening communications in violation of 18 U.S.C. § 876 (District Court for the Northern District of Oklahoma Case No. 02-CR-58-P; 10th Circuit Court of Appeals Docket No. 03-5195), and one count of conspiracy to commit fraud in violation of 18 U.S.C. § 371 (District Court for the Northern District of Oklahoma Case No. 03–CR-57-P; 10th Circuit Court of Appeals No. 03-5176). The district court sentenced Mr. Al-Taweel to twelve months imprisonment for mailing a threatening communication, and zero months imprisonment and three years supervised release for conspiracy to commit fraud, to run concurrently with each other, but consecutively to concurrent state convictions he is presently serving.[1] Mr. Al-Taweel appeals both federal convictions and sentences, which we consolidate for our review.

After Mr. Al-Taweel filed timely notices of appeal in both cases, his counsel filed appeal briefs, pursuant to *Anders v. California*, 386 U.S. 738, 744

---

[1] Mr. Al-Taweel received convictions in state court on eight counts of altering grades for which he received a two-year sentence for each count to run consecutively, for a total of sixteen years imprisonment. His other state conviction consists of two counts of impersonating another, for which he received a two-year sentence for each count to run concurrently together and with his other sixteen-year sentence.

(1967), alleging that after "diligently search[ing] the record for any non-frivolous issues ... arguable on appeal," no meritorious appellate issues exist, and requesting an order permitting him to withdraw as Mr. Al-Taweel's counsel in both cases. Pursuant to *Anders,* this court gave Mr. Al-Taweel an opportunity to raise points in response to the *Anders'* brief, which he did by filing a reply brief, raising two appeal issues. *Id.* Exercising our jurisdiction under 28 U.S.C. 1291, we affirm Mr. Al-Taweel's convictions and sentences.

## I. Procedural Background

In pleading guilty in both cases to one count of mailing a threatening communication and one count of conspiracy to commit fraud, Mr. Al-Taweel entered two plea agreements in which he waived "all appellate rights," including all collateral attacks, except for any ineffective assistance of counsel claims. In the same plea agreements, the government stipulated it would recommend any federal imprisonment imposed run concurrently with his state sentences; in turn, Mr. Al-Taweel declared he understood the court was not bound by this stipulation and would ultimately decide his sentence.

At the sentencing hearing, the district court imposed a twelve-month sentence for mailing a threatening communication in violation of 18 U.S.C. § 876.

Similarly, the district court determined the appropriate sentence for the charge of conspiracy to commit fraud in violation of 18 U.S.C. § 371 was twelve months imprisonment, but adjusted the sentence to compensate for the time already spent in state custody for a conviction directly related to the federal charge. As a result, the court imposed a sentence of zero months imprisonment and three years supervised release to run concurrently with his other federal sentence of twelve months. In addition, despite the government's aforementioned stipulation in the plea agreement and both parties' verbal requests at sentencing for concurrent sentencing, the district court determined Mr. Al-Taweel's federal sentences should run consecutively, rather than concurrently, with his state convictions. The district court based its decision on the fact Mr. Al-Taweel's twelve-month federal sentence for mailing a threatening communication was unrelated to any of his other criminal cases, stating Mr. Al-Taweel has "not yet been held accountable for this serious event. To run this sentence ... concurrent[ly] with any other criminal cases [would] allow [him] to avoid punishment for this offense."

## II. Discussion

Consistent with *Anders*, Mr. Al-Taweel's counsel has submitted two appeal briefs, explaining no viable appeal issues exist. Specifically, his counsel points out Mr. Al-Taweel received a sentence of zero months on his conspiracy

-4-

conviction so "no relief can be awarded on appeal." As to his twelve-month sentence for mailing a threatening communication, his counsel explains Mr. Al-Taweel's appeal does not concern the validity of his plea, but the district court's discretionary decision to impose his sentence to run consecutively with his state sentences, which was fully addressed in the Presentencing Report. Mr. Al-Taweel's counsel suggests "no viable appellate issues" exist on appeal because the terms of the plea agreement did not guaranty concurrent sentencing and the district court did not abuse its discretion in determining the federal sentence should run consecutively with the state sentences.

In response, Mr. Al-Taweel filed a *pro se* reply brief raising two grounds on appeal. First, while he admits the district court is not required to give him credit for time spent serving his state sentence for an unrelated offense, he argues he is entitled to receive such credit based on the government's stipulation in the plea agreement that it would seek concurrent sentences. Next, Mr. Al-Taweel argues he received ineffective assistance of counsel because his attorney failed at sentencing to object to the consecutive sentence the district court imposed.

In reply, the government argues Mr. Al-Taweel's appeal must be dismissed because he voluntarily and knowingly waived his appellate rights after consulting

with his attorney, and fails to claim his waiver was involuntary and unknowing or will result in a miscarriage of justice. In the event we decline to decide the appeal on the waiver issue, the government suggests we affirm the sentences as the district court was not bound by the government's stipulation and did not abuse its discretion in ordering a consecutive sentence for an offense unrelated to Mr. Al-Taweel's other criminal offenses. Finally, the government contends Mr. Al-Taweel's ineffective assistance of counsel issue should be brought in a collateral proceeding, as he fails to meet the exception to raising it on direct appeal, which is to show the record needs no further development.

We begin our review by noting "[t]his court will hold a defendant to the terms of a lawful plea agreement," including "[a] defendant's knowing and voluntary waiver of the statutory right to appeal his sentence." *United States v. Atterberry*, 144 F.3d 1299, 1300 (10th Cir. 1998). However, as Mr. Al-Taweel's counsel pointed out in his *Anders* briefs, "the government has not filed a motion to enforce the waiver of appeal," as required by *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004). In response to this point, the government raised and addressed the issue of waiver in its appeal brief, rather than filing a separate motion. As we stated in *Hahn*, the purpose for filing a motion for enforcement of a plea waiver is to give the government an opportunity to address the factors for

such waiver therein, allow the defendant to respond, and provide this court the opportunity to summarily dismiss the appeal if the plea agreement is enforceable. *Id.* at 1328. Because neither Mr. Al-Taweel nor his counsel responded to the government's waiver argument, we decline in this case to address the wavier issue raised by the government, and instead, resolve the appeal issues on other grounds.

Turning to the issue of Mr. Al-Taweel's federal sentences running consecutively with his state sentences, we review a district court's decision to impose a consecutive sentence for an abuse of discretion. *See United States v. Hurlich*, 293 F.3d 1223, 1230 (10th Cir. 2002). In exercising its discretion to impose a concurrent or consecutive sentence, the district court must provide reasons for its decision. *Id.* While a prosecutor may make sentencing recommendations, such recommendations are only advisory and the court is not bound by them. *See United States v. Garcia*, 78 F.3d 1457, 1462 (10th Cir. 1996).

In this case, even though the government recommended all sentences run concurrently, the district court acted within its discretionary authority in ordering Mr. Al-Taweel's federal sentences to run consecutively with his state sentences. In so doing, it explicitly provided its reasoning, which was to ensure Mr. Al-

Taweel received punishment for an offense unrelated to his state offenses and sentences. Moreover, a review of the record shows Mr. Al-Taweel was fully informed of the district court's discretionary authority to impose consecutive sentences, as evidenced by the terms of the plea agreement and presentencing report which explained this authority, and the plea hearing colloquy where he clearly testified he understood this authority and entered the plea agreement voluntarily and knowingly. Under the circumstances presented, we hold the district court did not abuse its discretion in ordering Mr. Al-Taweel's sentences to run consecutively with his state sentences.

Next, Mr. Al-Taweel bases his ineffective assistance of counsel claim on the fact his counsel failed to object to the district court's imposition of a consecutive sentence. As the government points out, ineffective assistance of counsel claims generally should be brought in collateral proceedings, not on direct appeal, for the purpose of developing a factual record on the issue and allowing the district court the opportunity to address it. *United States v. Galloway*, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc). Nevertheless, we have recognized exceptions in rare instances where an ineffectiveness of counsel claim needs no further development prior to review and resolution on direct appeal. *Id.* We conclude this case meets the rare exception, as no further development of the

record would benefit our resolution of the issue. Accordingly, we review the issue under *Strickland v. Washington*, 466 U.S. 668, 687 (1984), which requires a defendant asserting ineffective assistance of counsel to show both deficient performance of counsel and prejudice resulting from such deficient performance.

In this case, Mr. Al-Taweel's counsel, at sentencing, explicitly asked the district court to adopt the plea agreement, including the government's stipulation Mr. Al-Taweel's federal sentences run concurrently with his state sentences. The government, at length, also expressly recommended and requested concurrent sentences. Nevertheless, the district court declined to follow these requests for the reasons already articulated herein, and instead, directed the parties to file an appeal within ten days for the purpose of contesting its sentencing decision. Under the circumstances presented, we cannot say counsel's failure to object to the district court's sentencing decision at the conclusion of the sentencing hearing amounted to ineffective assistance of counsel or in anyway prejudiced the defense, given Mr. Al-Taweel could and did raise the consecutive sentence issue on appeal, which proved meritless, as previously discussed.

III. Conclusion

After a careful review of the record on appeal, we grant counsel's request

to withdraw and **AFFIRM** Mr. Al-Taweel's convictions and sentences.


**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

-10-