**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　　Plaintiff-Appellee,

v.

DEVIN LEE MELCHER, a/k/a
"Chino," a/k/a "Chino Bling," a/k/a
"Bling,"

　　　　　Defendant-Appellant.

No. 08-5000

(Northern District of Oklahoma)

(D.C. No. 4:07-CR-00018-CVE-1)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **KELLY** and **McCONNELL**, Circuit Judges.

---

Pursuant to a plea agreement, Defendant-Appellant Devin Lee Melcher pled

guilty to the charge of Conspiracy to Possess and Distribute in excess of eighty

(80) pounds of Marijuana and 1.5 kilograms of Methamphetamine, in violation of

21 U.S.C. § 846. As part of the agreement, Mr. Melcher waived all rights to

appeal with the exception of contested guideline or sentencing issues, a sentence

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

above the statutory maximum, and/or a collateral attack claiming ineffective assistance of counsel regarding the validity of a plea or waiver. Plea Agr. at 3-4. He was sentenced to serve the statutory maximum sentence of life, which is the high end of the applicable Sentences Guidelines range, to be followed by a five-year term of supervised release (presumably applicable only upon early release for good behavior), and to pay a $100.00 special monetary assessment. He timely appealed his conviction and sentence.

Mr. Melcher's counsel, Beverly A. Atteberry, filed an *Anders* brief and moved to withdraw as counsel. *See generally Anders v. California*, 386 U.S. 738 (1967). Under *Anders*, an appellant's counsel who believes that an appeal would be "wholly frivolous" may withdraw upon submission of a brief indicating "anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744. The defendant "may then choose to submit arguments to the court." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005). If we conclude, after a full examination of the record before us, that counsel has diligently investigated the possible grounds of appeal and the appeal is frivolous, we will grant the motion to withdraw and dismiss the appeal. *Id*.; *Anders*, 386 U.S. at 744. Because we find that neither Mr. Melcher nor his counsel raise any non-frivolous issues on appeal, we grant counsel's motion to withdraw and dismiss the appeal.

**BACKGROUND**

At his sentencing hearing on December 17, 2007, Mr. Melcher made an oral motion to withdraw his guilty plea. He stated that he had ingested medication prior to the plea hearing and was therefore impaired and incapable of fully understanding his plea. After review of Mr. Melcher's claim, and applying the factors relevant to withdrawing a plea in *United States v. Black*, 201 F.3d 1296 (10th Cir. 2000), the district court denied Mr. Melcher's motion. In sentencing Mr. Melcher, the district court took into account the nature of the offense, Mr. Melcher's leadership role in the drug conspiracy, and Mr. Melcher's attempts to intimidate and unlawfully influence witnesses and destroy or conceal evidence material to an official investigation. Additionally, on account of Mr. Melcher's lengthy criminal history, the district court classified Mr. Melcher as a career offender under U.S. Sentencing Guideline section 4B1.1. Citing the need for the sentence to reflect the seriousness of the offense, promote respect for the law, impose a just punishment, and protect the public, the district court imposed the maximum statutory sentence of life imprisonment.

**ANALYSIS**

Mr. Melcher argues that he did not knowingly and voluntarily enter his guilty plea and waive his appellate rights. In addition to claiming he was impaired at the change of plea hearing, Mr. Melcher argues that he did not

understand his plea because he failed to receive sufficient notice of possible enhancements or his actual sentence in the Rule 11 colloquy, and because his counsel misrepresented that he would receive no more than a twenty-year sentence if he pled guilty.

The record does not support Mr. Melcher's contentions. Mr. Melcher swore under oath that he was not under the influence of any drugs or medication at the change of plea hearing. The district court's finding of Mr. Melcher's competency was also based on its detailed dialogue with Mr. Melcher during the hearing. The district court conducted its Rule 11 colloquy with Mr. Melcher in open court and informed Mr. Melcher of his rights, the nature of his offense, and the possible penalties. The court notified Mr. Melcher that other sentencing issues could arise in the presentence report and that the terms of the plea agreement were mere recommendations to the court that might not be followed. Mr. Melcher testified that he understood. The plea agreement similarly reflected the content of the Rule 11 colloquy with respect to his rights, possible penalties, and the advisory role of the guidelines, which Mr. Melcher read and initialed on each page.

Mr. Melcher's argument regarding misrepresentations of his counsel relating to his actual sentence similarly contradict the record. Mr. Melcher's sworn testimony established that he had a chance to fully discuss the plea agreement with his counsel, that he understood the agreement, and that neither she nor anyone else made any other or different promise of any kind. In light of the record, we agree

with the district court that Mr. Melcher's plea was knowing and voluntary, and its denial of his motion to withdraw his guilty plea was neither unjust nor unfair.

Mr. Melcher also argues that his waiver of appellate rights failed to meet the knowing and voluntary standard. In determining whether a defendant's waiver of his right to appeal is made knowingly and voluntarily, we consider (1) whether the language of the plea agreement states that the defendant entered the agreement knowingly and voluntarily, and (2) whether there is an adequate Rule 11 colloquy. *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004). The defendant bears the burden of showing that he did not understand the waiver. *Id*. at 1329. Here, both of the inquiries indicate the waiver was knowing and voluntary. First, the plea agreement and Petition to Enter Plea of Guilty stated that Mr. Melcher understood the plea and that it was free and voluntary. Second, in addition to the issues previously mentioned, the district court specifically addressed the appeal waiver and asked Mr. Melcher if he understood it. Mr. Melcher responded affirmatively. Based on this record, we find that Mr. Melcher's waiver was knowing and voluntary. Because Mr. Melcher does not otherwise contest the validity of the waiver pursuant to *Hahn*, his argument contesting the district court's application of *Black* to the motion to withdraw his plea, fails as it falls within the scope of the waiver.

Mr. Melcher next argues that the standards for knowing and voluntary waivers are heightened after *United States v. Booker*, 543 U.S. 220 (2005). He

argues that the district court was duty-bound to provide more than "lip service" due to the unpredictability of sentencing post-*Booker*. This argument appears to be based on the principle of constitutional avoidance. Mr. Melcher cites no supporting precedent for his argument, nor do we find logic in it. Rather, our precedent supports the opposite proposition. In *United States v. Green*, 405 F.3d 1180, 1190 (10th Cir. 2005), the defendant argued that *Booker*'s rendering the guidelines advisory should invalidate the knowing and voluntary aspect of his appellate waiver. We were not persuaded, holding: "The Supreme Court has made it clear that a defendant's decision to give up some of his rights in connection with making a plea—including the right to appeal from the judgment entered following the plea—remains voluntary and intelligent or knowing despite subsequent developments in the law." *Id*. Here, *Booker* was decided before Mr. Melcher entered his plea. He therefore cannot claim he was unaware of the advisory nature of the guidelines, especially where his counsel, the plea agreement, and the district court informed him that they were advisory. We thus hold that Mr. Melcher's plea and waiver were knowing and voluntary and otherwise valid.

Finally, Mr. Melcher argues that his sentence was substantively unreasonable. The terms of the appellate waiver reserved Mr. Melcher the right to contest any sentencing issues; thus, he is permitted to raise this argument. The life sentence in this case was within the Guidelines range and is therefore entitled to a rebuttal presumption of reasonableness. *See United States v. Kistl*, 437 F.3d 1050,

1054 (10th Cir. 2006).  Nothing in this case suggests that Mr. Melcher's within-Guidelines sentence was unreasonable or that the district court abused its discretion.  The district court articulated specific reasons supporting the sentence it imposed, based on facts not disputed by Mr. Melcher.  Mr. Melcher did not object to the PSR calculations at his sentencing hearing, just that he was impaired at the time of entering his plea.  Only on appeal does he contest the PSR calculations, arguing that the enhancing factors were erroneously found by a preponderance of the evidence.  We find that Mr. Melcher's argument that the facts affecting his sentence should have been found beyond a reasonable doubt is flatly inconsistent with the remedial holding of *Booker*.[1]

## CONCLUSION

Having determined that Mr. Melcher's plea and appellate waiver were knowing and voluntary, that the sentence was not substantively unreasonable, and that there is no other basis for challenge to the verdict or sentence, we **GRANT**

---

[1] Mr. Melcher argues that his attorney, Ms. Atteberry, acted incompetently in both failing to advise him of the actual sentence he would receive and representing that he would only receive a life sentence if he pled not guilty and went to trial.  We have held, however, that ineffective assistance of counsel claims generally should not be litigated on direct appeal.  *United States v. Galloway*, 56 F.3d 1239 (10th Cir. 1995). We therefore decline to address the ineffective assistance claim in this direct appeal.

-7-

counsel's motion to withdraw.  The appeal from the judgment of the United States

District Court for the Northern District of Oklahoma is **DISMISSED**.


Entered for the Court,

Michael W. McConnell
Circuit Judge