**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 16, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

RICARDO RENATO CALLIRGOS-
NAVETTA, a/k/a Ricardo Humberto
Guerrero, a/k/a Rene Miguel Lopez,

      Defendant-Appellant.

No. 08-7001
(D.C. No. 6:05-CR-00074-FHS-001)
(E.D. Okla.)

---

## ORDER AND JUDGMENT[*]

---

Before **O'BRIEN**, **EBEL**, and **GORSUCH**, Circuit Judges.

---

Defendant-Appellant Ricardo Renato Callirgos-Navetta appeals the

sentence he received after pleading guilty to possession with intent to distribute

methamphetamine and illegal reentry of a previously deported alien.  Pursuant to

21 U.S.C. § 841(b)(1)(A), the district court found that Mr. Callirgos-Navetta was

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G).  This case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

subject to a statutory minimum sentence of 240 months for possession of methamphetamine because he had a prior conviction for a felony drug offense. On appeal, Mr. Callirgos-Navetta challenges both his guilty plea and his sentence. We have considered the arguments raised by Mr. Callirgos-Navetta and, because this case comes before the court on an <u>Anders</u> brief, we have also independently reviewed the record. See <u>Anders v. California</u>, 386 U.S. 738, 741-42 (1967). We find that there is no non-frivolous basis for appeal. Counsel's request to withdraw is, therefore, granted, and this appeal is dismissed.

## I.      Background

In December 2005, Mr. Callirgos-Navetta pled guilty to two charges: (1) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(A), and 18 U.S.C. § 2; and (2) illegal reentry of a previously deported alien after conviction of an aggravated felony in violation of 8 U.S.C. § 1326(a) and 8 U.S.C. § 1326(b)(2). (See Aplt. Br. Ex. 2.) In compliance with 21 U.S.C. § 851, the government informed the defendant of its intent to rely upon a prior drug conviction to enhance his sentence. (See R. Vol. I.) Magistrate Judge Kimberly West conducted a plea colloquy and accepted Mr. Callirgas-Navetta's plea in June 2006. Both the plea agreement and the plea colloquy indicate that Mr. Callirgos-Nevatta was aware that his prior California conviction was being treated as a prior felony drug offense and, therefore, that he

would receive a mandatory minimum sentence of 20 years under 21 U.S.C. § 841(b)(1)(a). District Judge Frank Seay subsequently held a sentencing hearing, and sentenced Mr. Callirgos-Nevatta to the statutory minimum 240 months on count one, and a concurrent term of 235 months on count two. (See R. Vol. 3.)[1]

Following his sentencing, Mr. Callirgos-Navetta filed a petition under 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel due to his attorney's failure to timely file an appeal after Mr. Callirgos-Navetta instructed him to do so, and due to his attorney's failure to raise certain arguments relating to Callirgos-Navetta's sentencing enhancement under 21 U.S.C. § 841(b)(1)(A). (See Aplt. Br. Ex. 5.) The district court granted Mr. Callirgos-Navetta's petition, finding that his attorney had failed to honor Mr. Callirgos-Navetta's request to file a timely appeal. See Callirgos-Navetta v. United States, No. CIV-07-161-FHS, 2007 WL 4480769 (E.D. Okla. Dec. 17, 2007). The court re-entered its earlier judgment, thus giving Mr. Callirgos-Navetta an opportunity to file a direct appeal. This timely appeal followed.[2]

---

[1]The transcript from the sentencing hearing states that Mr. Calllirgos-Nevatta was sentenced to 340 months for count one. However, all subsequent filings indicate that he in fact only received the 240-month mandatory minimum sentence. This court assumes, therefore, that this was merely a typographical error.

[2]This court notes that, in his plea agreement, Mr. Callirgos-Navetta waived his rights to appeal "except to challenge an upward departure from the applicable guideline range." (Aplt. Br. Ex. 2.) The sentence here was mandated by the statutory minimum, so there was no departure from the guidelines. See U.S.S.G.

(continued...)

Mr. Callirgos-Navetta's attorney, Kathleen McGarry, filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See generally</u> <u>Anders</u>, 386 U.S. at 744. <u>Anders</u> authorizes an appellant's counsel "to request permission to withdraw where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." <u>United States v. Calderon</u>, 428 F.3d 928, 930 (10th Cir. 2005) (citing <u>Anders</u>, 386 U.S. at 744). Before withdrawing, counsel must "submit a brief to the client and the appellate court indicating any potential appealable issues." <u>Id.</u> The appellant "may then choose to submit arguments to the court." <u>Id.</u>[3] "[T]he court–not counsel–then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal." <u>Anders</u>, 386 U.S. at 744.

---

(...continued)

§ 5G1.1(c)(2) ("[A] sentence may be imposed "at any point within the applicable range provided that the sentence . . . is not less than any statutorily required sentence."). Nonetheless, this court will not enforce the waiver sua sponte because the government has neglected to raise this issue on appeal, let alone file a motion for enforcement as mandated by this court's decision in <u>United States v. Hahn</u>, 359 F.3d 1315, 1328 (10th Cir.2004). <u>Cf.</u> <u>United States v. Al-Taweel</u>, 105 Fed.Appx. 972, 975 (10th Cir. 2004) (declining to enforce a waiver of the appellant's right to appeal where government failed to file a motion for enforcement).

[3]Mr. Callirgos-Navetta has not submitted an additional brief, but he did send a letter to the court stating that he concurred with his attorney and would like to preserve his right to raise the issue of ineffective assistance of counsel on collateral appeal. (<u>See </u>Doc. No. 01002450520.)

## II.    Discussion

This court has considered the arguments raised in the <u>Anders</u> brief and independently reviewed the record to determine if Mr. Callirgos-Navetta has any non-frivolous arguments that would support reversal. <u>See</u> <u>Calderon</u>, 428 F.3d at 930 ("The Court must [] conduct a full examination of the record to determine whether defendant's claims are wholly frivolous."). Although this court ultimately concurs with Mr. Callirgos-Navetta's attorney that no non-frivolous arguments exist, we have discerned three potential reasons that Mr. Callirgos-Navetta may have chosen to challenge the district court's decision: (1) the district court's reliance on his prior conviction for illegal possession of cocaine as a prior felony offense enhancing his sentence; (2) his trial attorney's failure to challenge that reliance; and (3) his trial attorney's failure to fully inform him of the available legal arguments challenging this enhancement prior to his pleading guilty. We will address each of these issues in turn.

## A.    <u>Defendant's Sentence</u>

Mr. Callirgos-Navetta argues that the district court inappropriately relied upon his California state conviction for possession of cocaine to enhance his sentence pursuant to 21 U.S.C. § 841(b)(1)(A). "Because [Mr. Callirgos-Navetta] did not object to the enhancement in the district court proceedings, our review is

for plain error." United States v. Munguia-Sanchez, 365 F.3d 877, 878 (10th Cir. 2004). Mr. Callirgos-Navetta had previously been convicted of felony possession of cocaine, in violation of Cal. Health & Safety Code § 11350(a). (See Aplt. Br. Ex. 5.) However, California law dictates that Mr. Callirgos-Navetta's conviction was converted into a misdemeanor once he received a "judgment imposing a punishment other than imprisonment in state prison." See Cal. Penal Code § 17(b)(1); (Aplt. Br. Ex. 5.) Mr. Callirgos-Nevatta argues that it was inappropriate to treat this conviction as a "felony drug offense" because, under state law, he was convicted of a misdemeanor, not a felony.

The Supreme Court recently addressed the meaning of "felony drug offense" in 21 U.S.C. § 841(b)(1)(A) and held that "[a] state drug offense punishable by more than one year [] qualifies as a 'felony drug offense,' even if state law classifies the offense as a misdemeanor." Burgess v. United States, 128 S.Ct. 1572, 1575 (2008). There is no doubt that a violation of Cal. Health & Safety Code § 11350(a) is punishable by more than a year. Given the Supreme Court's decision in Burgess, the district court did not err in relying on Mr. Callirgos-Navetta's prior conviction under Cal. Health & Safety Code § 11350(a) to enhance his sentence.

Mr. Callirgos-Navetta might argue that, despite the Supreme Court's recent decision in Burgess, the court nonetheless erred by treating his prior offense as a felony drug offense because, at the time of trial, the circuits were split over how

to treat these types of offenses, and the Tenth Circuit had yet to rule on the issue. See Burgess, 128 S.Ct. at 1576 (noting the pre-existing circuit split on this issue). This argument must fail because we look to the law as it is at the time of appeal when determining the existence of court error. See Sec. and Exch. Comm'n v. Mick Stack Associates, Inc., 675 F.2d 1148, 1149 (10th Cir.1982) ("When the substantive law changes while a case is pending appeal, the general rule requires that the appellate court apply the law in effect at the time the appeal is to be decided, so long as manifest injustice does not occur."). The law is now clearly established that Mr. Callirgos-Navetta's prior conviction constitutes a "felony drug offense" under § 841(b)(1)(A), so the court did not err by relying on that prior offense to enhance his sentence.

B.      Ineffective Assistance of Counsel for Failure to Challenge Sentencing Enhancement

Although counsel raised the issue of ineffective assistance of counsel in its Anders brief, both counsel and Mr. Callirgos-Navetta have expressed their expectation that this court will not address this issue on direct appeal, and that Mr. Callirgos-Navetta will be given the opportunity to more fully raise this issue on collateral review. (Aplt. Br. at 14; Doc. No. 01002450520.)  As counsel noted, this court generally declines to consider claims of ineffective assistance of counsel on direct appeal. See United States v. Melcher, 2008 WL 4726205, *3

(10th Cir. 2008) (unpublished) (declining to address an ineffective assistance of counsel claim on direct appeal); United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc) ("Ineffective assistance of counsel claims should be brought in collateral proceedings, not on direct appeal."). "The reasons for this rule are self-evident. . . . A factual record must be developed in and addressed by the district court in the first instance for effective review. Even if evidence is not necessary, at the very least counsel accused of deficient performance can explain their reasoning and actions, and the district court can render its opinion on the merits of the claim." Galloway, 56 F.3d at 1240.

This court will not depart in this case from its general practice of declining to address claims of ineffective assistance of counsel on direct appeal. Our decision is, however, without prejudice to Mr. Callirgos-Navetta's ability to raise this issue on collateral review. This court further notes that, although Mr. Callirgos-Navetta has previously brought a 28 U.S.C. § 2255 petition challenging this sentence, he would not be barred from raising his claim of ineffective assistance of counsel in a subsequent § 2255 petition. After Mr. Callirgos-Navetta's initial petition, the district court reentered Mr. Callirgos-Navetta's sentence. Therefore, any subsequent petition would be the first petition relating to that new sentence. See United States v. Scott, 124 F.3d 1328, 1330 (10th Cir. 1997) (allowing a similarly situated defendant to bring a subsequent § 2255 petition, and noting that "because of the unique situation presented when the

granting of the prior motion merely reinstated the right to a direct appeal, the first subsequent motion is not a second or successive motion under AEDPA"); cf. Jamison v. United States, 244 F.3d 44, 47 (1st Cir. 2001) (noting the circuit split on this issue) .

C.      Voluntariness of Mr. Callirgos-Navetta's Guilty Plea

"A district court has a duty to ensure that a defendant's guilty plea is truly voluntary."   United States v. Asch, 207 F.3d 1238, 1242 (10th Cir. 2000). However, "when a defendant fails to raise a Rule 11 error to the district court–as is true of [Mr. Callirgos-Navetta]–we review any alleged error under the plain error standard of Fed.R.Crim.P. Rule 52(b)."   United States v. Edgar, 348 F.3d 867, 871 (10th Cir. 2003) (citing United States v. Vonn, 535 U.S. 55, 58-59 (2002)).

In her Anders brief, Mr. Callirgos-Navetta's attorney argues that Mr. Callirgos-Navetta did not enter into a "knowing and intelligent plea" because he did not know that his prior conviction could be treated as a misdemeanor and, therefore, that he was not properly informed about the mandatory minimum sentence he was facing.  (See Aplt. Br. at 13-15.)  To the extent that this argument raises a claim of ineffective assistance of counsel, this court declines to address this issue on direct appeal.  To the extent that this argument challenges

the district court's Rule 11 plea colloquy, this argument must fail.[4]  As discussed above, when reviewing a district court's actions on direct appeal, we must look to the law as it is at the time of appeal.  See Mick Stack Associates, Inc., 675 F.2d at 1149 ("[T]he general rule requires that the appellate court apply the law in effect at the time the appeal is to be decided.").  Given that the current law clearly establishes that Mr. Callirgos-Navetta was subject to a mandatory minimum sentence of 20 years, the court did not plainly err by instructing him to that effect.

## III.    Conclusion

Having considered counsel's arguments and independently reviewed the record, we find that there is no non-frivolous basis for appeal.  Accordingly, we **DISMISS** this appeal without prejudice to subsequent efforts to raise the issue of ineffective assistance of counsel on collateral review and **GRANT** counsel's motion to withdraw.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge

---

[4]Among other things, Fed. R. Crim. P. 11 "requires the district court, prior to accepting a plea, to inform the defendant of the maximum possible penalty and any mandatory minimum penalty."  United States v. Gigot, 147 F.3d 1193, 1199 (10th Cir. 1998).