**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 18, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNTIED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEVIN LEE MELCHER,

Defendant - Appellant.

No. 10-5004
(D. Ct. Nos. 4:09-CV-00714-CVE-TLW
and 4:07-CR-00018-CVE-1)
(N.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Before **BRISCOE,** Chief Circuit Judge, **TACHA,** and **O'BRIEN,** Circuit Judges.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Devin Lee Melcher, a federal prisoner proceeding pro se, seeks a certificate of appealability ("COA") to appeal from the dismissal of his habeas petition brought pursuant to 28 U.S.C. § 2255. We take jurisdiction under 28 U.S.C. § 1291, DENY Mr. Melcher's request for a COA, and DISMISS this appeal.

## I. BACKGROUND

Mr. Melcher pleaded guilty pursuant to a plea agreement to conspiracy with intent

to distribute marijuana and methamphetamine.  The statutory minimum sentence was ten years' imprisonment, and the maximum sentence by statute and under the United States Sentencing Guidelines was life.  At sentencing, the court imposed a term of life imprisonment followed by a five-year term of supervised release.  Also at sentencing, Mr. Melcher moved to withdraw his guilty plea on the basis that he was under the influence of medication at the time he pleaded guilty and did not understand what he was doing when he entered the plea.  The court stated that it had reviewed the transcript of the change-of-plea hearing and found that Mr. Melcher was not, based on his sworn testimony during the hearing, under the influence of any substance.  The court further questioned counsel for Mr. Melcher and for the government about whether he had been under the influence of any drug, medication, or alcoholic beverage at the change of plea.  Both responded "no."

Mr. Melcher appealed, and his counsel filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967).  On appeal, Mr. Melcher argued that his plea was not knowing and voluntary, he was under the influence of drugs when he pleaded guilty, and his counsel misrepresented that he would only receive a twenty-year sentence if he pleaded guilty.  We rejected his claims regarding the voluntariness of his plea but declined to address the ineffective assistance claim.  *See United States v. Melcher*, 2008 WL 4726205, at *2–*3 & n.1 (10th Cir. Oct. 29, 2008).

Mr. Melcher then filed this § 2255 petition, claiming that his counsel was ineffective because she: (1) promised that he would only receive 200 months' imprisonment if he pleaded guilty; and (2) failed to investigate whether he was under the

influence of drugs when he entered his plea.[1]  The district court denied the petition on the merits and denied Mr. Melcher a COA.  He now requests a COA from this court, raising the same claims he raised below and also arguing that the district court should have held an evidentiary hearing on his petition.

## II.  DISCUSSION

A federal petitioner may not appeal from the denial of a § 2255 petition without first obtaining a COA.  28 U.S.C. § 2253(c)(1)(B).  When, as is the case here, the district court denies the petition on the merits, we will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right."  *Id.* § 2253(c)(2).

"In the guilty plea context, to establish a claim for ineffective assistance of counsel [in violation of the Sixth Amendment], a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial."  *United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005).  We agree with the thorough and well-reasoned opinion of the district court that Mr. Melcher has failed to make this showing.  Regarding Mr. Melcher's claim that his counsel promised he would receive a 200-month sentence if he pleaded guilty, we have held that "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of

---

[1]Mr. Melcher also appears to claim that his plea is invalid because it was made involuntarily or unknowingly.  As the district court correctly pointed out, however, we rejected this argument on direct appeal.  Thus, Mr. Melcher is precluded from raising this issue in a § 2255 petition. *See United States v. Warner*, 23 F.3d 287, 291 (10th Cir. 1994).

ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993). Moreover, the plea agreement and the district court properly advised Mr. Melcher of the maximum sentence he could receive; Mr. Melcher acknowledged in his Petition to Enter Plea of Guilty that "I understand that [my attorney's] calculation is not the sentence I will receive;" and Mr. Melcher acknowledged in the plea agreement itself that "any estimate of the likely sentence received from any source is a prediction, not a promise, and that the Court has the final discretion to impose any sentence up to the statutory maximum." Thus, even if Mr. Melcher could demonstrate that his counsel's performance was objectively unreasonable, he cannot show that her actions caused him to plead guilty. *See Silva*, 430 F.3d at 1100 (concluding that similar admissions belie a claim that the defendant was prejudiced by his counsel's failure to accurately state his possible sentence).

We turn next to Mr. Melcher's claim that his counsel failed to recognize and/or investigate his purported drug use prior to his guilty plea. We fail to comprehend how this alleged conduct on the part of counsel constitutes deficient performance or how it prejudiced him. Regardless of whether counsel undertook such an investigation, she acquiesced in Mr. Melcher's request at sentencing to move the court for permission to withdraw his plea based on his alleged use of drugs or medication. The court reviewed the relevant pleadings and the plea colloquy and found that Mr. Melcher had not been impaired when he pleaded guilty. Mr. Melcher does not explain why his counsel should have investigated the issue further before the sentencing hearing. Furthermore, Mr.

Melcher does not indicate how any such investigation would have made a difference in his decision to enter his plea or in the sentencing court's finding that he was not impaired at the time of his plea. Accordingly, he has not demonstrated ineffective assistance of counsel on this issue.

Finally, we find no error regarding the district court's decision not to hold an evidentiary hearing on Mr. Melcher's § 2255 petition. Having reviewed Mr. Melcher's petition and the record below, we conclude there were no relevant, disputed issues of fact necessitating a hearing. *See United States v. Gonzales*, 596 F.3d 1228, 1244 (10th Cir. 2010). Indeed, for purposes of Mr. Melcher's request for a COA, we have assumed the truth of the allegations in his § 2255 petition.

## III.  CONCLUSION

Mr. Melcher's request for a COA is DENIED and this appeal is DISMISSED. We GRANT his request to proceed in forma pauperis on appeal.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge

10-5004,  *U.S. v. Melcher*

**O'BRIEN**, J., concurring and dissenting.

I join the Order Denying Certificate of Appealability in all respects but one, Melcher is not eligible to proceed *in forma pauperis* (*ifp*).

To proceed *ifp* on appeal, "an appellant must show a financial inability to pay the required filing fees *and* the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991) (emphasis added).  The district court rejected Melcher's arguments in a detailed and cogent order.  I have reviewed Melcher's opening brief, consisting of summary and conclusory statements.  It does not present a reasoned, non-frivolous argument in support of the issues he proposes to raise on appeal.  To the contrary, it is patently frivolous.

I would deny his motion to proceed *ifp* and require the docketing fee and the filing fee to be immediately paid in full.  Dismissal of an appeal does not relieve a litigant of his obligation to pay the filing fee in full.  *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).